STATE of Iowa, Appellee,

v.

**Adolfo Rodriguez AGUILAR, Appellant.**

**No. 66828.**

Supreme Court of Iowa.

Oct. 27, 1982.

Rehearing Denied Nov. 17, 1982.

Alfredo G. Parrish, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Teresa Baustian, Asst. Atty. Gen., and Jan V. Berry, Asst. County Atty., for appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, McCORMICK, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

Defendant Aldolfo Rodriguez Aguilar appeals from his conviction by jury and sentence for first degree murder in violation of Iowa Code sections 707.1 and 707.2. He contends that the trial court erred in overruling his motion for additional psychiatric evaluation and in refusing to instruct on the issue of diminished responsibility. We find his contentions are without merit and therefore affirm the trial court.

The murder charge arose from the shooting of Donald Wright in Union Park in Des Moines in the late afternoon of April 10, 1980. Eyewitnesses testified that defendant did the shooting. Other evidence showed that he had consumed more than a twelve-pack of beer and may have ingested drugs during several hours prior to the shooting.

I. *The issue concerning an additional psychiatric evaluation.* After his arrest, defendant's indigency was established, and the offender advocate's office was appointed to represent him. Upon his counsel's motion he was examined by a psychologist serving the Polk County jail. The psychologist gave defendant a battery of standard tests and interviewed him. Subsequently the psychologist provided a report in which he said he found "no evidence to substantiate a mental plea." He also said he had insufficient evidence concerning the circumstances of the case "to develop a diminished capacity argument."

At his attorney's request, defendant was then examined by a psychiatrist at the Broadlawns Polk County Mental Health Center. Defendant gave the psychiatrist a history in which he asserted he had consumed more than twenty cans of beer and fifteen amphetamine tablets on the date of the shooting. He told the psychiatrist he was intoxicated and suffered a blackout, regaining consciousness while he was in jail after his arrest. He said he could not remember the shooting. He recited a long history of alcohol and substance abuse.

The psychiatrist's principal diagnostic impressions were of continuous alcohol and amphetamine abuse, episodic marijuana abuse, and an "impulsive personality disorder." He concluded that defendant was competent to stand trial and was not mentally ill.

Sometime after these examinations defendant's family employed his present attorney for him at its expense, and the offender advocate's office withdrew. During the course of pretrial preparation, his new counsel filed a motion for transfer of the defendant to the medical security facility at Oakdale for a third mental examination, this time by an Iowa City psychiatrist. This motion came on for hearing.

Defense counsel argued that the first two evaluations "did not contain enough background in detail":

More specifically we believe that our defense in this case is going to be a defense of diminished capacity ... as it relates to the effects of drugs and alcohol on the defendant at the time the offense was committed. No evaluation has been made by doctors in Des Moines as to the effects of drugs and alcohol on the defendant and as to how they might have affected his psychological state. We have spoken with Dr. Fritz Henn who is with the psychiatric unit at the University of Iowa Hospitals, and Dr. Henn is experienced in testing and evaluating

people for a condition called [pathological] intoxication. This kind of condition has not been evaluated or determined by any of the doctors in Polk County . . . .

Defendant offered no evidence in support of his motion. Counsel now argues the prosecutor and judge agreed the showing of reasonable necessity for the examination was sufficient. The record merely shows, however, that the prosecutor and judge agreed defendant need not testify in order to establish his indigency or to verify he was claiming he could not remember the shooting.

The trial court denied the motion on two grounds. One was the failure of defendant to establish the need for the third mental evaluation, and the other was the court's view that even an indigent defendant represented by private counsel is not entitled to expert witness services at public expense. The motion was renewed during the trial and again overruled.

Defendant contends no real dispute exists concerning the lack of merit in the court's first ground. Concentrating on the second ground, he asserts the court plainly erred by reason of this court's subsequent holding in *English v. Missildine,* 311 N.W.2d 292 (Iowa 1981), that an indigent defendant has a sixth and fourteenth amendment right under the United States Constitution to necessary defense services, even if represented by private counsel. The State acknowledges that the trial court's second ground is contrary to the *English* holding but insists that the ruling is correct on the first ground. We agree.

■ Under this court's holding in *State v. McGhee,* 220 N.W.2d 908 (Iowa 1974), defendant had the burden of showing the third mental examination at public expense was reasonably necessary. Counsel's mere assertion of a desire for the examination to explore a possible diminished responsibility defense did not compel a finding of reasonable necessity under the *McGhee* standard. *See State v. Haines,* 259 N.W.2d 806, 809 (Iowa 1979). The record does not establish that defendant had symptoms indicating possible pathological intoxication at the

time of the alleged offense or that pathological intoxication would support a theory of diminished responsibility.

Moreover, defendant called the Des Moines psychiatrist who had examined him as a witness at trial and, through his testimony, fully explored the effects of drugs and alcohol on defendant's mind at the time of the events in question. The psychiatrist testified in great detail and precision about the effects of those substances on defendant's psychological state. He said defendant's history was consistent with alcoholic blackout, which he defined as loss of memory of events occurring during a period of intoxication. He also said the alcohol and amphetamines would have a disinhibiting effect, making defendant's impulsive personality more impulsive.

Defendant thus offered psychiatric testimony on the subject he asserted at the pretrial hearing he could not. It is true he did not have an opportunity to have an additional psychiatrist explore the same subject, and the testimony did not include any discussion of pathological intoxication. No showing was made at any time, however, that the additional examination was reasonably necessary or, in any event, that it could have made any difference in the facts of this case.

We find no abuse of trial court discretion in denying defendant's original and renewed motion for additional psychiatric evaluation.

II. *The issue concerning the diminished responsibility instruction.* The trial court refused a defense request to instruct on the defense of diminished responsibility. The court did instruct fully on the legal effect of evidence of voluntary alcohol and drug intoxication. *See* Iowa Code § 701.5 (1981). Defendant contends the evidence also supported a diminished responsibility instruction.

■ The same issue was presented and decided adversely to defendant's contention in *State v. Collins,* 305 N.W.2d 434 (Iowa 1981). Alcohol and other drug intoxication may affect the State's proof of an essential

mental element of a charge in the same way as evidence of mental illness short of legal insanity. The source of the mental problem differs, but the legal effect is the same. *See State v. Hall,* 214 N.W.2d 205, 208–10 (Iowa 1974). As the court held in *Collins,* when the evidence shows the mental condition at issue was caused by voluntary intoxication it is sufficient to instruct on that issue and not give an additional instruction on diminished responsibility generally. *See* 305 N.W.2d at 437–38. There was no evidence in this case of mental illness affecting defendant's capacity to entertain the mens rea for first degree murder.

The court did not err in refusing to give defendant's requested diminished responsibility instruction.

AFFIRMED.