**STATE of Iowa, Plaintiff–Appellee,**

v.

**Douglas Dean WOODYARD,**
**Defendant–Appellant.**

No. 85–1485.

Court of Appeals of Iowa.

Aug. 26, 1987.

John G. Martens, of Sanderson, Ridout & Martens, Estherville, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Anne E. Brenden, Asst. Atty. Gen., Lynn K. Fillenwarth, Emmet Co. Atty., and Richard J. Meyer, Asst. Emmet Co. Atty., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SNELL, and SACKETT, JJ.

SACKETT, Judge.

We are called upon to address a series of alleged errors in defendant's trial for sexual abuse and lascivious acts with a child. We determine the trial court erred in denying defendant's request to have the jury selection process reported. We find the defendant was prejudiced by the denial. We reverse and remand for a new trial.

Defendant was charged with sexually abusing two female children, C.B., born January 19, 1974, and N.B., born April 7, 1972. The alleged acts occurred prior to 1984, during and after the time defendant and his girlfriend resided in the home of the victims' mother.

## I.

Defendant first argues the trial court erred in refusing his request to have the jury selection reported. Defendant made a pretrial application requesting the court order all stages of the proceedings to be reported including selection of the jury and voir dire. The trial court denied the motion. Defendant renewed this motion during the jury selection process and it was denied. Iowa Rule of Criminal Procedure 18(4) provides:

All the provisions relating to mode and manner of the trial of civil actions, report thereof, transaction of the shorthand reporter's notes, the making of such reports and translation of the record, and in all other respects, apply to the trial of

criminal actions. Upon request of any party, final arguments shall be reported.

Iowa Code § 624.9 (1987) provides:

*In all appealable actions triable by ordinary* or equitable *proceedings, any party thereto shall be entitled to have reported the whole proceedings upon the trial or hearing, and the court shall direct the reporter to make such report in writing or shorthand, which shall contain* the date of the commencement of the trial, *the proceedings impaneling the jury, and any objections thereto with the rulings thereon,* the oral testimony at length, and all offers thereof, all objections thereto, the rulings thereon, the identification as exhibits, by letter or number or other appropriate mark, of all written or other evidence offered, and by sufficient reference thereto, made in the report to make certain the object or thing offered, all objections to such evidence and the rulings thereon, all motions or other pleas orally made and the rulings thereon, the fact that the testimony was closed, the portions of arguments objected to, when so ordered by the court, all objections thereto with the rulings thereon, all oral comments or statements of the court during the progress of the trial, and any exceptions taken thereto, the fact that the jury is instructed, all objections and exceptions to instructions given by the court on its own motion, the fact that the case is given to the jury, the return of the verdict and action thereon of whatever kind, and any other proceedings before the court or jury which might be preserved and made of record by bill of exceptions, and shall note that exception was saved by the party adversely affected to every ruling made by the court. (emphasis added).

■ Defendant contends construing Iowa R.Crim.P. 18(4) and § 624.9 together that he is entitled to have the proceedings impaneling a jury reported. We agree. However, the failure to report the jury selection process does not in and of itself constitute reversible error. To obtain reversal a defendant must show he or she has been prejudiced by the failure to report

the proceedings. *See State v. Newman,* 326 N.W.2d 796, 800 (Iowa 1972); *State v. Oshinbanjo,* 361 N.W.2d 318, 321 (Iowa App.1984).

The state claims defendant was not prejudiced because he had the opportunity to make a record in chambers during the selection process. A record was made in chambers several times during the jury selection process. In the record made there were numerous disagreements among the assistant county attorney, defendant's attorney and the court regarding what was actually said in the court room during voir dire.

■ In the instant case the defendant (1) unsuccessfully challenged two jurors for cause, (2) objected to allegedly prejudicial statements made by the state during the jury selection process, and (3) objected to allegedly prejudicial questions asked by the state during the jury selection process. We review these errors on the available record.

### A. Challenges For Cause

The trial court overruled two challenges for cause made by defendant to the jury panel.

1. **Juror Gage.** Defendant challenged twice for cause prospective juror Gage. Gage said if the evidence were equal he would have to find for the state. Gage then was asked about following the instructions of the court. He said he would. Later he said if things were even the state would have an edge over the defendant. Gage also knew one of the state's prospective witnesses and indicated he would give extra credence to that witness' testimony.

While admitting Gage indicated if the evidence was equal he would find for the state, the state argues the trial court's ruling was correct because the trial court found after further questioning the juror said he would follow the trial court's instructions. In *State v. Beckwith,* 242 Iowa 228, 237, 46 N.W.2d 20, 25 (1951), the court said:

[H]e (the juror) expressed the belief that it would be hard for him to put the

opinion he had aside; that what he heard might influence him in his verdict even though he tried not to let it do so. As usual in these matters, he also said that he could try the case solely upon the evidence. *The juror is usually not an even match for the attorneys in an examination of this sort, and too often the pulling and hauling which ensues results in an expression from the confused prospect that he has an opinion which would affect his verdict, and a counter—expression that it would not. It is from the whole examination that the final conclusion must be reached; the sum of the answers made must be evaluated, and the real state of mind of the juror determined.* (emphasis added).

The trial court has large but not unlimited discretion in allowing or disallowing challenges for cause in criminal cases. *Beckwith,* 242 Iowa at 232, 46 N.W.2d at 23. *See State v. Rhodes,* 227 Iowa 332, 288 N.W. 98 (1940); *State v. Reed,* 205 Iowa 858, 216 N.W. 759 (1928).

Trial courts should use the utmost caution in overruling challenges for cause in criminal cases when there appears to be a fair question as to their soundness.... *Although a ruling may be technically right, if it must be so doubtful as to raise a fair question as to its correctness, it is far better to give the accused the benefit of the doubt, to the end that he and all other men may be satisfied that his rights have not been invaded. Confidence in the fairness and impartiality of each member of a jury,* which shall be sworn to try a man on a charge involving his life or liberty, *is of the greatest importance to the welfare of the state. Indeed, it is of such paramount importance to every citizen that the time and expense necessary to secure jurors as to whom no doubt may rightly exist is an insignificant consideration.*

*Beckwith,* 242 Iowa at 238–39, 46 N.W.2d at 26 (emphasis added).

We do not have a record of the whole examination of this witness. Without the benefit of the sum of his answers the real state of mind of the juror cannot be determined. *See Beckwith,* 242 Iowa at 237, 46 N.W.2d at 25. We cannot determine from this record whether the trial court abused its discretion in overruling defendant's challenge for cause to juror Gage.

2. **Juror Olsen.** Defendant next challenged for cause prospective juror Olsen. Olsen had been with the victims' mother in the home of a mutual acquaintance one week before trial. The victims' mother told Olsen she was to be involved in a criminal trial. Defendant was not allowed to interrogate Olsen about what she had learned from the victims' mother. Defendant objected to being restricted in the interrogation.

As with Gage, we cannot from this record determine if the trial court abused its discretion in not excusing juror Olsen for cause. *See Beckwith,* 242 Iowa at 232, 46 N.W.2d at 23.

▮ In assessing the challenges for cause, we note defendant used all his strikes and related to the trial court he was prejudiced by having to use his strikes to remove Gage. If a disqualified juror is left upon the jury in the face of a proper challenge for cause so the defendant must either use one of his strikes or permit the juror to sit, prejudice will be presumed. *See Beckwith,* 242 Iowa at 232, 46 N.W.2d at 23; *State v. Reed,* 201 Iowa 1352, 1354, 208 N.W. 308 (1926).

**B. Statements Made By State During Jury Selection Process**

Defendant asserts that the assistant county attorney implied three times in jury selection the victims were ignorant, unsophisticated and confused about sex. Defendant was under order not to delve into the prior sexual reputation of the victims. Defendant alleged the inferences from statements made by the state during the selection process is the victims were inexperienced in sexual matters.

The state admits it was arguably impermissible to question jurors with a hypothetical which assumed the children were ignorant and confused about sex. However,

the state claims this error if any is not prejudicial because the record made during trial clearly indicates the children's knowledge and exposure to sexual matters. Again we find the record made insufficient to allow us to review these challenges.

In reviewing the entire jury selection process we find defendant was prejudiced because we do not have a verbatim record which allows us to readily identify and address the numerous challenged errors. This case is clearly distinguishable from *Newman* and *Oshinbanjo* where the courts found no prejudice from lack of a verbatim record. *Newman*, 326 N.W.2d at 800; *Oshinbanjo*, 361 N.W.2d at 321. Both *Newman* and *Oshinbanjo* deal with a charge of only one error in the unreported proceedings. *Newman*, 326 N.W.2d at 800; *Oshinbanjo*, 361 N.W.2d at 321. And in both cases from the record made, the appellate court could readily identify and address the challenged error. *Newman*, 326 N.W.2d at 800; *Oshinbanjo*, 361 N.W.2d at 321.

## II.

Defendant contends the trial court erred in allowing a counselor to verify the veracity of a young victim. This case was tried before the decisions in *State v. Myers*, 382 N.W.2d 91 (Iowa 1986); and *State v. Brotherton*, 384 N.W.2d 375 (Iowa 1986). *Myers* and *Brotherton* control this issue and the trial court will have the benefit of their guidance on retrial. We therefore find it unnecessary to address this issue.

## III.

Defendant next contends the trial court erred in overruling his motion to dismiss based upon a claim of expiration of the statute of limitations. He alleges the amended trial information charged him with new crimes which occurred beyond the statute of limitations. The applicable statute of limitations is three years. *See* Iowa Code § 802.3 (1985). The original trial information filed June 6, 1985, alleged the abuse occurred from June to September, 1983. An amended information filed August 22, 1985, charged the same crimes, in identical terms, as having occurred from June 6, 1982, to the summer of 1983.

The dates fixed in the indictment for the commission of a crime are not material, and an indictment may be amended to conform to the proof. *State v. Young*, 172 N.W.2d 128, 129 (Iowa 1969). Defendant is liable to be convicted for any commission or commissions of the offense charged that fall within the statute of limitations. *State v. Washington*, 356 N.W.2d 192, 196 (Iowa 1984). We do not accept defendant's implied reasoning that the amended trial information does not relate back to the date of the original information. *Cf.* Iowa R.Civ.P. 89. There is no violation of the statute of limitations.

The court may permit amendment of the trial information to correct errors or omissions; amendment is not allowed if a wholly new and different offense is charged. Iowa R.Crim.P. 4(8)(a). The original minutes of testimony stated the victims would testify the abuse occurred while defendant was living in their home. In fact, defendant did not actually live at the victims' home after February 1982. The minutes were amended before trial, omitting any reference to where defendant was living when the abuse took place.

Defendant claims the amended information charged new and separate offenses, in violation of Rule 4(8)(a), because it reflected a change in the minutes of testimony. The only difference between the original and amended information is the dates charged. We reject defendant's argument that the amended information charged him with a new crime. Whether defendant lived with or did not live with the victims does not change the offense charged. We find no error on this ground.

## IV.

Defendant contends the trial court erred in refusing him funds to hire a jury selection expert.

While every criminal defendant who is financially unable to obtain counsel is entitled to appointment of counsel at state expense, not every similarly situated de-

fendant is entitled to appointment of an investigator or other expert services. Before authorizing such services to be furnished at the state's expense, there must be a finding that they are necessary in the interest of justice. *State v. McGhee,* 220 N.W.2d 908, 910 (Iowa 1974); *State v. Williams,* 207 N.W.2d 98, 105–106 (Iowa 1973).

When counsel requests court authority for the employment of an expert, he or she should point out with specifity the reason such services are necessary. *McGhee,* 220 N.W.2d at 910–11. While our courts must perforce inceptionally rely upon an attorney's judgment as to the necessity of expert services in the defense of an indigent client, the attorney must specifically articulate the reason or reasons which serve to make such services necessary so the trial judge may independently determine the matter of need or necessity. Without addressing the issue of an indigent's right to hire a jury selection expert, we determine the application was not specific enough for the trial court to determine the need or necessity for the services. We therefore determine the application was properly denied. *See State v. Aguilar,* 325 N.W.2d 100, 102 (Iowa 1982); *English v. Missildine,* 311 N.W.2d 292, 294 (Iowa 1981); *Williams,* 207 N.W.2d 98, 105–06 (Iowa 1973).

## V.

The state sought to show an expert witness was hired for the defense at state expense. The trial court sustained defendant's objection but defendant claims he was prejudiced and entitled to a new trial. In *State v. Roghair,* 353 N.W.2d 433, 435 (Iowa App.1984), we determine evidence of defendant's indigency prejudices the jury against defendant because he used public funds for his defense. Because of our holding, we need not determine whether defendant would here be entitled to a new trial. We do, however, caution the state against this type of questioning on retrial.

## VI.

Defendant further complains he was denied a fair trial by the state's cross-examination of his expert witness on issues of the witness' failure to complete his legal education and the witness' relationship with his own family. While contending the cross-examination was not reversible error, the state does not argue the cross-examination is relevant to any issue. We do not find the challenged cross-examination to be relevant to any issue. In light of our holding, we need not determine whether it was so prejudicial as to require the order of a new trial. *See State v. Williams,* 315 N.W.2d 45, 55 (Iowa 1982). Absent a showing of relevancy, we would caution the state against asking these questions on retrial lest there be any doubt that line of cross-examination might be used solely to embarrass the witness. *See Model Code of Professional Responsibility* EC 7–25 (1980). *See also Williams,* 315 N.W.2d at 55.

## VII.

Defendant contends he was prejudiced by the trial court's refusal to allow him to introduce certain evidence about the victims' home life. The evidence he sought to offer showed the children came from a home where the mother engaged in promiscuous sexual behavior and various persons lived in the mother's home. Defendant also sought to show evidence the victims may have engaged in some form of sexual activity with other persons. Defendant was precluded from introducing such evidence and he claims he was prejudiced because (1) there was medical evidence of a broken hymen of one of the victims, and (2) testimony was allowed the victims were diagnosed as having post-traumatic stress syndrome and overanxious disorder.

Evidence was admitted showing the victims came from a difficult home situation. They were involved with the Department of Social Services, now Department of Human Services, long before the victims' problems with defendant. Their mother engaged in promiscuous sexual behavior. Many different people, including defendant and his

girlfriend, moved in and out of that home. The victims' mother exposed the victims to sexually explicit material and had intercourse with a boyfriend in front of a victim. Drugs were used in their home, and other persons had intercourse in front of the victims in their home. The girls had a poor relationship with their father. He also engaged in inappropriate sexual behavior in front of them. One victim was hit with a board by her mother's boyfriend. Therefore, the state contends the proffered testimony was merely cumulative because there was considerable testimony admitted showing the family was troubled for some time.

The trial court has discretion to keep out of the record which it believes to be irrelevant, immaterial evidence. *Carter v. Wiese Corp.*, 360 N.W.2d 122, 131 (Iowa 1984); *Thompson v. Bohlken*, 312 N.W.2d 501, 509 (Iowa 1981). The trial court has wide discretion in ruling on the admissibility of evidence and its decision will not be disturbed unless there is a clear and prejudicial abuse of discretion. *Henkel v. R. and S. Bottling Co.*, 323 N.W.2d 185, 193 (Iowa 1982). We do not find the trial court abused its discretion in the challenged ruling to exclude certain evidence.

REVERSED AND REMANDED FOR NEW TRIAL.