STATE of Iowa, Appellee,

v.

Joseph Everett COKER, Appellant.

No. 85–1547.

Supreme Court of Iowa.

Sept. 23, 1987.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., David L. Dorff, Asst. Atty. Gen., Denver D. Dillard, Co. Atty., and Harold Deaton, Asst. Co. Atty., for appellee.

REYNOLDSON, Chief Justice.

Defendant Joseph Everett Coker appeals from a judgment entered upon jury verdicts finding him guilty of first-degree robbery and unauthorized possession of an offensive weapon. See Iowa Code §§ 711.-2, 724.3 (1985). The court of appeals, dividing equally, affirmed Coker's convictions by operation of law. See Iowa Code § 602.5106(1) (1985). We vacate the court of appeals decision, reverse trial court's judgment, and remand to the district court for new trial.

The underlying facts are undisputed. February 26, 1985, Coker, armed with a sawed-off shotgun, robbed a neighborhood grocery store in Cedar Rapids. He was quickly apprehended and identified as the robber.

February 27, 1985, the State charged Coker with first-degree robbery and unauthorized possession of an offensive weapon. See Iowa Code §§ 711.2, 724.3 (1985). Arraignment was completed March 12, 1985. August 5, 1985, Coker, having acquired new counsel, filed notice of his intent to raise an intoxication defense at trial.[1] See Iowa R.Crim.P. 10(11)(c). At the same time, Coker, who was indigent, filed application with trial court for appointment of an expert witness to assist him in the preparation of his defense.[2] See Iowa R.Crim.P. 19(4); Iowa Code §§ 815.4, .5 (1985).

One month later, Coker's motion came on for hearing. Counsel for Coker professionally stated:

[I]f the Court deems it necessary to provide substantial evidence that Mr. Coker did have a serious substance abuse problem, the most telling evidence of that, I suppose, is that shortly after his arrest and [while] being held in the Linn County [jail] he went through grand mal seizures

and had to be hospitalized; and this was associated with withdrawal from the abuse of substances.

September 4, 1985, trial court, the Honorable Larry J. Conmey, judge, denied Coker's motion, concluding Coker had "failed to show how the appointment of an expert witness would in this case assist [him] in his defense of intoxication."

September 6, 1985, Coker moved for a continuance so that funds then raised by his family could be used to retain an expert witness who could evaluate him and testify at trial. In his motion Coker indicated his willingness to waive his right to a speedy trial. On the same day trial court, through Judge Conmey, found Coker had failed to show good cause why trial should be continued and denied Coker's motion.

Trial commenced three days later. Through family, friends, and his own testimony, Coker presented a substantial intoxication defense that detailed his long history of alcohol abuse. This included substantial evidence of his severe alcoholism in the days and weeks immediately preceding the robbery.

As part of this defense, Coker presented the testimony of Dr. R. Paul Penningroth. Dr. Penningroth, a specialist in psychiatry with extensive experience in the area of substance abuse, treated Coker during his hospital stay following his arrest.

In his testimony, Dr. Penningroth detailed Coker's serious withdrawal symptoms indicative of both alcoholic withdrawal syndrome and the more serious alcoholic withdrawal delirium. Based upon Coker's laboratory reports, Dr. Penningroth also opined Coker was extremely intoxicated, even stuporous, at the time of the robbery.

When asked whether he had an opinion concerning Coker's ability to form the spe-

---

1. This notice was filed more than 40 days after arraignment. See Iowa R.Crim.P. 10(11)(c) and 10(4). Neither trial court nor the State, however, raised a timeliness issue in district court, and the State has not raised the issue on appeal. The State thus waived any timeliness issue that might otherwise have been asserted.

2. Voluntary intoxication is not a true defense to a criminal charge. Intoxication, however, may

be shown in an attempt to negate the specific intent element of a crime. State v. Caldwell, 385 N.W.2d 553, 557 (Iowa 1986); see State v. McVey, 376 N.W.2d 585, 586 (Iowa 1985); Iowa Code § 701.5 (1985). In such cases the State retains the burden to prove defendant's specific intent beyond a reasonable doubt. State v. Collins, 305 N.W.2d 434, 437 (Iowa 1981).

cific intent to commit a robbery, Dr. Penningroth stated he had none, although psychiatrists were able to render such opinions. Penningroth testified that to express such an opinion he would require further examination of Coker, including a complete medical and psychiatric history, as well as interviews with friends and family.

Trial court, with respect to count I (robbery) instructed the jury on Coker's claim of intoxication. The jury, rejecting Coker's defense, found him guilty of first-degree robbery. The jury also found him guilty of unauthorized possession of an offensive weapon.

Seeking a new trial, Coker challenged trial court's denial of his motions for appointment of an expert and for continuance. Trial court, the Honorable David B. Hendrickson, judge, denied Coker's new trial motion without discussion, and entered judgment imposing sentences.

In this appeal Coker challenges trial court's denial of his pretrial motions for appointment of an expert and for continuance. He contends these actions violated his constitutional rights of compulsory process and due process of law.

I. Central to Coker's appeal is Iowa Rule of Criminal Procedure 19(4). This rule provides:

*Witnesses for indigents.* Counsel for a defendant who because of indigency is financially unable to obtain expert or other witnesses *necessary to an adequate defense* of the case may request in a written application that the necessary witnesses be secured at public expense. *Upon finding, after appropriate inquiry, that the services are necessary and that the defendant is financially unable to provide compensation,* the court shall authorize counsel to obtain the witnesses on behalf of the defendant. The court shall determine reasonable compensation and direct payment pursuant to Iowa Code chapter 815.

Iowa R.Crim.P. 19(4) (emphasis added). This rule protects the indigent defendant's sixth amendment right to compulsory process as well as his or her fourteenth amendment due process right to prepare and present an adequate defense.[3] *See English v. Missildine,* 311 N.W.2d 292, 293 (Iowa 1981).

Rule 19(4) mirrors in purpose and in relevant language 18 U.S.C. § 3006A(e)(1) (1982). In relevant part, section 3006A(e)(1) provides:

Counsel for a person who is financially unable to obtain investigative, expert, or other services *necessary for an adequate defense* may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the *services are necessary and that the person is financially unable to obtain them,* the court ... shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(1) (1982) (emphasis added).[4]

This federal statute, like Iowa's rule 19(4), is intended to protect the indigent's

---

**3.** While Coker asserts a violation of his sixth amendment right of compulsory process, we here are concerned only with Coker's due process right to prepare and present an adequate defense. A defendant's right to compulsory process is implicated when a defendant seeks the testimony of a particular individual whom defendant has reason to believe can provide trial testimony that is both material and favorable to defendant's defense. *See United States v. Valenzuela-Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193, 1202 (1982); *State v. Wagner,* 410 N.W.2d 207, 210 (Iowa 1987). Because Coker was neither evaluated by nor received a report from an appointed medical expert, Coker had no basis upon which he could reasonably assert the testimony of such individual would actually have been either material or favorable to his defense. Thus, we consider

only whether trial court's refusal to appoint an expert denied Coker a meaningful opportunity to prepare and present his defense.

**4.** The federal counterpart to rule 19(4) with respect to a defendant's sixth amendment compulsory process right is Federal Rule of Criminal Procedure 17(b). This rule in relevant part provides:

The court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant upon a satisfactory showing that the defendant is *financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense.*

Fed.R.Crim.P. 17(b) (emphasis added); *United States v. Greschner,* 802 F.2d 373, 378 n. 4 (10th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct.

right to due process of law. *See United States v. Sloan,* 776 F.2d 926, 928 (10th Cir.1985) (" '[W]hen a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense.' ") (quoting *Ake v. Oklahoma,* 470 U.S. 68, 76, 105 S.Ct. 1087, 1093, 84 L.Ed.2d 53, 61 (1985)); *United States v. Sims,* 617 F.2d 1371, 1375 (9th Cir.1980) (quoting *United States v. Rosales-Lopez,* 617 F.2d 1349, 1355 (9th Cir.1980) ("We recognize that the government's duty 'to provide an indigent criminal defendant with the essential tools of trial defense is of both a constitutional and statutory dimension.' ")).

In view of the similar language and purposes of the Iowa and federal provisions, federal authority is persuasive in interpreting our own rule. *Telegraph Herald, Inc. v. McDowell,* 397 N.W.2d 518, 520 (Iowa 1986); *Mount Pleasant Community School Dist. v. Public Employment Relations Bd.,* 343 N.W.2d 472, 480 (Iowa 1984).

Returning to Iowa Rule of Criminal Procedure 19(4), we initially note two requirements are embodied in the rule: (1) defendant must be indigent and (2) the services of an expert must be necessary to the preparation and presentation of an adequate defense. *See* Iowa R.Crim.P. 19(4). The State does not question Coker's indigency. Thus, our focus is on whether Coker made sufficient showing an expert's services were necessary to his defense.

In examining Coker's contentions, we find guidance in our prior decision, *State v. McGhee,* 220 N.W.2d 908 (Iowa 1974). *McGhee* teaches that trial court, in considering defendant counsel's application for appointment of an expert, should give substantial weight to defendant's application but should also:

> [E]ffect an objective evaluation of such application, taking into consideration all relevant factors.... If trial court, focusing upon needs of defense counsel, finds the application is reasonable then it should be granted, but if found to be

frivolous, unreasonable or without underlying factual support then a denial is in order.

*Id.* at 913.

■ In the final analysis, the test to be applied in cases like this is one of reasonableness. *See United States v. Lincoln,* 542 F.2d 746, 749 (8th Cir.1976), *cert. denied,* 429 U.S. 1106, 97 S.Ct. 1138, 51 L.Ed.2d 558 (1977). Although trial court should prevent random fishing expeditions undertaken in *search of* rather than in *preparation of* a defense, *see State v. Aguilar,* 325 N.W.2d 100, 102 (Iowa 1982), it should not withhold appointment of an expert when the facts asserted by counsel reasonably suggest further exploration *may* prove beneficial to defendant in the development of his or her defense. *United States v. Schultz,* 431 F.2d 907, 911 (8th Cir.1970). When trial court, upon its independent review of the record made when the motion is submitted, concludes counsel's request is reasonable under the circumstances and may lead to development of a plausible defense, counsel's request should be granted.

This same standard, although variously stated, has been adopted by the federal courts. *See United States v. Goodwin,* 770 F.2d 631, 635 (7th Cir.1985), *cert. denied,* 474 U.S. 1084, 106 S.Ct. 858, 88 L.Ed.2d 897 (1986); *United States v. Durant,* 545 F.2d 823, 827 (2d Cir.1976); *United States v. Hartfield,* 513 F.2d 254, 257 (9th Cir.1975); *United States v. Theriault,* 440 F.2d 713, 717 (5th Cir.1971) (Wisdom, C.J., concurring); *Schultz,* 431 F.2d at 911.

The Supreme Court, considering a similar issue in *Ake v. Oklahoma,* recently wrote:

> [W]hen a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense.

*Id.* at 83, 105 S.Ct. at 1097, 84 L.Ed.2d at 66.

1353, 94 L.Ed.2d 523 (1987) ("Congress intended ... rule [17(b) ] serve as a means of implementing the Sixth Amendment right to compulsory process.").

Trial court's decision, of course, is one of discretion, and we will reverse only if that discretion is abused. *See United States v. Blade,* 811 F.2d 461, 467 (8th Cir.1987); *Aguilar,* 325 N.W.2d at 102. Defendant bears the burden to demonstrate a reasonable need for the appointment of an expert. *See United States v. Greschner,* 802 F.2d at 376, *cert. denied,* — U.S. ——, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987); *Aguilar,* 325 N.W.2d at 102.

At the hearing upon Coker's motion for appointment of an expert, his counsel reiterated his intent to rely upon an intoxication defense. *See* Iowa R.Crim.P. 10(11)(c). In support of his request for an expert, counsel asserted (1) his client had a serious substance abuse problem, (2) Coker was hospitalized shortly after his arrest when he began to have seizures, and (3) these seizures were associated with substance abuse withdrawal.

The State challenged none of these factual assertions but simply argued no expert was needed in this case. Trial court, unconvinced of counsel's need for an expert, rejected Coker's motion.

Although Coker did not assert insanity, he did make a plausible showing his criminal responsibility at the time of the robbery would be a central trial issue. Further, his request was not demonstrably frivolous, unreasonable, or unsupported factually. *See McGhee,* 220 N.W.2d at 913. Even though counsel for Coker made a minimal factual record, the State has never challenged the accuracy of counsel's assertions nor claimed Coker's intoxication would not be a central issue at trial. We conclude trial court abused its discretion in not granting the motion for a competent expert to aid the defense. Trial court's refusal to grant a continuance simply compounded the error already committed in denying Coker's motion for appointment of an expert.

We reverse Coker's convictions and remand for new trial. On remand, trial court should appoint a competent expert, preferably but not necessarily of Coker's choosing, to examine Coker and assist him in the evaluation, preparation, and presentation of his intoxication defense.[5]

II. After obtaining services of a competent expert, Coker has no automatic right to the appointment of further experts. Upon such request trial court, in its discretion, can determine whether additional experts reasonably are necessary or likely to make a substantial difference in Coker's defense. *See Aguilar,* 325 N.W.2d at 101–02; *State v. Haines,* 259 N.W.2d 806, 809 (Iowa 1977); *State v. Williams,* 243 N.W.2d 658, 660 (Iowa 1976).

The State shall bear the costs of this appeal.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED.

---

5. Appointment of an expert of Coker's choosing is not constitutionally mandated. "As the Supreme Court noted in *Ake,* an indigent defendant has no 'constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own. Our concern is that the indigent defendant have access to a competent psychiatrist....'" *Magwood v. Smith,* 791 F.2d 1438, 1443 (11th Cir.1986) (quoting *Ake,* 470 U.S. at 83, 105 S.Ct. at 1097, 84 L.Ed.2d at 66).