# IN THE COURT OF APPEALS OF IOWA

No. 23-1278
Filed December 18, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MATTHEW LINDEN NOEHL,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.


    On interlocutory appeal, Matthew Noehl challenges the district court's order granting the State's motion to amend the trial information.  **AFFIRMED.**


    Raphael M. Scheetz, Cedar Rapids, for appellant.

    Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


    Heard by Schumacher, P.J., and Badding and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

On interlocutory appeal, Matthew Noehl challenges the district court's order granting the State's motion to amend to "change[] the dates of the alleged offense conduct in three different trial informations in the attempt to maintain the adult criminal court's jurisdiction over [him]." Noehl claims the court "lacked jurisdiction over his case"; the State's amendments to the trial information "were not authorized by Iowa law"; and the court erred in "declining to hold an evidentiary hearing to determine jurisdiction." Upon our review, we affirm.

I.    **Background Facts**

The State alleged Noehl committed acts of sexual abuse against a younger family member over many years, both before and after Noehl's fourteenth birthday. In April 2023, the State filed a trial information charging Noehl as follows:

**COUNT ONE**
**SEX ABUSE 2ND – CHILD UNDER 12, 1ST OFF**
COMMITTED AS FOLLOWS:
THAT THE SAID **MATTHEW LINDEN NOEHL** ON OR ABOUT **January 1, 2007 through and including January 1, 2011,** IN THE COUNTY OF LINN AND STATE OF IOWA, DID UNLAWFULLY AND WILLFULLY:
**commit sexual abuse upon RS, a child under the age of twelve, at [address], Linn County, Iowa**
IN VIOLATION OF SECTION **709.1, 709.3(2), 903B.1** IOWA CRIMINAL CODE A(N) **Class B Felony.**

**COUNT TWO**
**SEX ABUSE 2ND – CHILD UNDER 12, 1ST OFF**
COMMITTED AS FOLLOWS:
THAT THE SAID **MATTHEW LINDEN NOEHL** ON OR ABOUT **January 1, 2007 through and including January 1, 2011,** IN THE COUNTY OF LINN AND STATE OF IOWA, DID UNLAWFULLY AND WILLFULLY:
**commit sexual abuse upon RS, a child under the age of twelve, at [address], Linn County, Iowa**
IN VIOLATION OF SECTION **709.1, 709.3(2), 903B.1** IOWA CRIMINAL CODE A(N) **Class B Felony.**

**COUNT THREE**
**SEX ABUSE 2ND – CHILD UNDER 12, 1ST OFF**
COMMITTED AS FOLLOWS:
THAT THE SAID **MATTHEW LINDEN NOEHL** ON OR ABOUT
**January 1, 2007 through and including January 1, 2011,** IN THE
COUNTY OF LINN AND STATE OF IOWA, DID UNLAWFULLY AND
WILLFULLY:
**commit sexual abuse upon RS, a child under the age of twelve,
at [address], Linn County, Iowa**
IN VIOLATION OF SECTION **709.1, 709.3(2), 903B.1** IOWA
CRIMINAL CODE A(N) **Class B Felony.**

Noehl entered a plea of not guilty and waived his right to a speedy trial.

Noehl moved to dismiss the trial information "on the grounds that the court lacked jurisdiction over the subject-matter of this prosecution because [he] was under the age of fourteen years old at the time of the alleged offense conduct." Noehl alleged:

> The minutes of testimony show that the defendant was born on December 17, 1996. He is currently 26 years old. When the offenses allegedly occurred, the defendant was between the ages of 10 years old through 13 years old. He turned 14 years old two weeks prior to January 1, 2011. The State appears to have charged the dates in the trial information to create a two-week window after the defendant's 14th birthday.
> . . . .
> The district court does not have jurisdiction over the prosecution of a crime committed by a person under the age of fourteen.
> Based on facts alleged in the trial information and minutes of testimony, the trial information must be dismissed because the court has no jurisdiction to try those counts.

The State resisted Noehl's motion to dismiss, claiming in part that "many of the sex acts are alleged to have occurred after the defendant's 14th birthday, which was December 17, 2010." The State further alleged, "By the defendant's own admissions to law enforcement, he committed sexual abuse of the victim after he turned 14 years old." The State countered, "even if the defendant was under the

age of 14 during some of the alleged sexual abuse of the victim, the correct motion would be a transfer back to juvenile court, not a dismissal."

The State moved to amend the trial information, indicating, "The date range for the alleged sex acts is actually from 'January 1, 2007 through and including **December 31, 2014,**' as several of the alleged sex acts occurred after the defendant turned 14 years old and while the victim was still under the age of 13," and requesting amendment of all three counts to allege that date range. The district court approved the amended trial information.

Noehl moved to dismiss the amended trial information, again alleging the court lacked jurisdiction. Noehl further claimed that "[b]y charging a potential eight-year time span during which the offenses could have been committed," "the charging document violates [his] right to due process of law by depriving him of notice of the dates on which the offenses were allegedly committed."

The matter came before the court for a hearing. Just before the hearing, the State filed another motion to amend and a proposed second amended trial information. Noehl resisted the State's motion to amend, arguing "it shows the State continues bad faith with this case." The State countered, explaining that "ongoing investigation into the years of alleged sexual abuse the defendant admittedly perpetrated against the alleged victim while she was a child enabled the State to narrow the date range of the alleged sex acts charged in the second amended and substituted trial information" and "the defense failed to cite any authority prohibiting the State from amending the trial information as currently amended." At the hearing, the prosecutor added, "But as we have been finally

able to fix the date bridges, I believe that it eliminates the subject matter jurisdiction [claim] as currently charged." The prosecutor further explained:

> [W]e are balancing the need to get accurate information with the fact that she was a child when this happened and the fact that it re-traumatizes her every time we have to talk to her about it. So that is why it has taken the State some time to shore up the dates as currently charged, and that is where we currently are with the case. There is ongoing investigation.

The court allowed the parties additional time to respond to the other's pleadings, after which it entered an order on the parties' competing motions, stating in part:

> The Court finds no grounds to reverse the prior order that granted [the State] the right to grant the first amended trial information, and the Court finds the second amended trial information also should be permitted. The Court finds no evidence of bad faith on the part of [the State] when it comes to making the amended allegations, and the Court is not persuaded that an evidentiary hearing is necessary on this issue. Rather, it is clear to the Court that, as argued by [the State], the newly utilized dates in the first and second amended trial information filings are the result of an ongoing investigation of the facts that form the basis for the charges against [Noehl]. These amended filings do not prejudice the substantial rights of [Noehl], and do not charge wholly new and different offenses. . . . [Noehl] will have the right at trial to present his defense regarding the dates of the allegations in question. The amended trial information filings, and the redefined date ranges alleged therein, can be viewed as supporting a finding that [Noehl] was over the age of 14 when the alleged offenses occurred. The filing of the initial trial information was approved by the district court, and thus there was a probable cause determination regarding the facts made at that time. As in [*State v.*] *Petersen*, [678 N.W.2d 611, 613 (Iowa 2004)], at that point in the proceedings, any defect in the support for the complaint was moot and cannot be grounds for dismissal of the trial information filings. The Court is not without jurisdiction to hear the charged offenses, and the Court finds no due process violation, since [Noehl] will have the opportunity to pursue discovery and questioning at trial regarding the notice of the dates on which the offenses were allegedly committed. [Noehl]'s motions to dismiss should be denied, and [the State]'s motion to amend to file a second amended trial information should be granted.

The State then filed a second amended trial information, charging Noehl as follows:

**COUNT ONE**
**SEX ABUSE 2ND – CHILD UNDER 12, 1ST OFF**

COMMITTED AS FOLLOWS:
THAT THE SAID **MATTHEW LINDEN NOEHL** ON OR ABOUT **January 1, 2011 through and including April 13, 2014,** IN THE COUNTY OF LINN AND STATE OF IOWA, DID UNLAWFULLY AND WILLFULLY:
**commit sexual abuse upon RS, a child under the age of twelve, at [address], Linn County, Iowa**
IN VIOLATION OF SECTION **709.1, 709.3(2), 903B.1** IOWA CRIMINAL CODE A(N) **Class B Felony.**

**COUNT TWO**
**SEX ABUSE 2ND – CHILD UNDER 12, 1ST OFF**

COMMITTED AS FOLLOWS:
THAT THE SAID **MATTHEW LINDEN NOEHL** ON OR ABOUT **April 1, 2011 through and including April 1, 2014,** IN THE COUNTY OF LINN AND STATE OF IOWA, DID UNLAWFULLY AND WILLFULLY:
**commit sexual abuse upon RS, a child under the age of twelve, at [address], Linn County, Iowa**
IN VIOLATION OF SECTION **709.1, 709.3(2), 903B.1** IOWA CRIMINAL CODE A(N) **Class B Felony.**

**COUNT THREE**
**SEX ABUSE 2ND – CHILD UNDER 12, 1ST OFF**

COMMITTED AS FOLLOWS:
THAT THE SAID **MATTHEW LINDEN NOEHL** ON OR ABOUT **November 12, 2012 through and including December 30, 2014,** IN THE COUNTY OF LINN AND STATE OF IOWA, DID UNLAWFULLY AND WILLFULLY:
**commit sexual abuse upon RS, a child under the age of twelve, at [address], Linn County, Iowa**
IN VIOLATION OF SECTION **709.1, 709.3(2), 903B.1** IOWA CRIMINAL CODE A(N) **Class B Felony.**

Noehl filed an application for interlocutory appeal. Our supreme court granted the application and transferred such to this court for disposition.

## II.     Standard of Review

Whether an amendment to the trial information charges a wholly new and different offense or prejudices the substantial rights of the defendant are questions of law.  *State v. Vandermark*, 965 N.W.2d 888, 891 (Iowa 2021).  Accordingly, our review of a challenge to the district court's order granting the State's motion to amend the trial information on that basis is for the correction of legal error.  *Id.*; *accord State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997).  And the same is true for our review of Noehl's challenge to the court's subject matter jurisdiction.  *State v. Emery*, 636 N.W.2d 116, 119 (Iowa 2001).

## III.     Jurisdiction

Noehl claims the district court lacked subject matter jurisdiction over him for alleged "unlawful conduct prior to his 14th birthday."  Noehl argues where he "has been accused of conduct when he was 10, 11, 12, or 13 years old, the criminal court in which he has been charged does not have jurisdiction over his case."  According to Noehl, the case must be remanded for dismissal of his charges.

The State filed the initial trial information in 2023, charging Noehl with three counts of second-degree sexual abuse, a forcible felony.  Iowa Code § 702.11(1) (2007) ("A 'forcible felony' is any felonious child endangerment, assault, murder, sexual abuse, kidnapping, robbery, human trafficking, arson in the first degree, or burglary in the first degree.")[1]; *see also id.* § 709.3(2).  "[V]iolations which constitute a forcible felony are excluded from the jurisdiction of the juvenile court and shall

---

[1] The initial trial information alleged the sexual abuse occurred over a period of time from January 1, 2007 to January 1, 2011.  During that time, section 702.11 was amended.  However, the phrasing of subsection (1) remained the same. *Compare* Iowa Code § 702.11(1) (2007), *with id.* § 702.11(1) (2010).

be prosecuted as otherwise provided by law unless the court transfers jurisdiction of the child to the juvenile court upon motion and for good cause." *Id.* § 232.8(1)(c). Further, although Noehl was a juvenile at the time of the alleged offenses, Noehl's case was properly initiated in criminal court because he was twenty-six years old—an adult—"when the allegations arose." *See State v. Duncan*, 841 N.W.2d 604, 609 (Iowa Ct. App. 2013) (citing Iowa Code §§ 232.8(1)(a), 803.5(1)).

Section 232.8(1)(a) sets forth the original jurisdiction of the juvenile court as follows:

> The juvenile court has exclusive original jurisdiction in proceedings concerning a child who is alleged to have committed a delinquent act unless otherwise provided by law, and has exclusive original jurisdiction in proceedings concerning an adult who is alleged to have committed a delinquent act prior to having become an adult, and who has been transferred to the jurisdiction of the juvenile court pursuant to an order under section 803.5.

Section 803.5(1) provides a procedure for the transfer of the jurisdiction of an adult who is alleged to have committed a criminal offense before reaching the age of eighteen, if the juvenile court has not already waived its jurisdiction. *See Duncan*, 841 N.W.2d at 608. "The defendant or the county attorney may file a motion for transfer any time within ten days of the initial appearance," and "[t]he court shall hold a transfer hearing on all such motions." Iowa Code § 803.5(2), (3). Noehl also points to section 232.45(6), which provides a procedure for waiver of the juvenile court's jurisdiction "for the purpose of prosecution of the child as an adult" upon motion by "the county attorney or the child."[2] As with the procedure provided by section 803.5, the court "shall hold a waiver hearing on all such motions." *Id.*

---

[2] There is no question that "[b]ecause [Noehl] is no longer a child, he is not subject to a waiver proceeding under section 232.45(6)." *Duncan*, 841 N.W.2d at 613.

§ 232.45(2). "At the conclusion of the waiver hearing the court may waive its jurisdiction over the child for the alleged commission of the public offense for the purpose of prosecution of the child as an adult if . . . [t]he child is fourteen years of age or older" and satisfies other discretionary findings by the court. *Id.* § 232.45(6)(a).

Noehl argues section 232.45(6)(a) is instructive because it "deprives the criminal court of jurisdiction to hear cases concerning crimes committed by an accused who was under the age of fourteen." We agree the court is without discretion to try an adult in criminal court "for offenses committed when the adult was younger than fourteen." *Duncan*, 841 N.W.2d at 614. But in that scenario, the charges would not be dismissed, as Noehl suggests. Instead, they would be transferred "to the juvenile court for adjudication." *Id.*; *State v. Erdman*, 996 N.W.2d 544, 549 (Iowa 2023) ("[T]he juvenile court and the district court are separate dockets within the same court of original jurisdiction in our unified court system."). In any event, here, the charges were not exclusive to a period when Noehl was younger than fourteen.[3]

As for offenses committed when Noehl was older than fourteen, "the district court *may* transfer an adult back to juvenile court if the criteria set forth in section 232.45 signals the inappropriateness of trying the offenses in criminal court." *Duncan*, 841 N.W.2d at 614; Iowa Code § 803.5(1). But such a transfer presupposes a waiver was requested. Neither the prosecutor nor Noehl's attorney filed an application for waiver to juvenile court, known as a "reverse waiver" motion.

---

[3] It is undisputed that Noehl was fourteen years old for a two-week span of the offenses alleged in the State's initial trial information, prior to amendments.

*See* Iowa Code § 803.5(1). Accordingly, the district court had no request for transfer to consider. *See, e.g.*, *State v. Hess*, 983 N.W.2d 279, 283 (Iowa 2022) (observing the court denied the defendant's motion to transfer his case to juvenile court); *see Duncan*, 841 N.W.2d at 609 (reversing the district court's automatic denial of Duncan's application to transfer his case to juvenile court, noting "Duncan's case begins in criminal court by virtue of the fact he was an adult when the allegations arose. He may be transferred to juvenile court for adjudication and disposition as a juvenile if—after a transfer hearing—the district court determines probable cause exists to believe Duncan committed an offense while still a juvenile and trying his case in criminal court would be inappropriate under the criteria set forth in sections 232.45(6)(c) and (8), 'if the adult were still a child.'" (citations omitted)).

Moreover, "any failure to comply with the transfer procedure merely affects the authority of the district court to hear the case," not the court's subject matter jurisdiction. *Emery*, 636 N.W.2d at 123 ("Even if an appropriate transfer of 'jurisdiction' . . . was not accomplished, the district court had subject matter jurisdiction."); *Erdman*, 996 N.W.2d at 549 ("'Jurisdiction,' as it is referenced in Iowa Code sections 232.8 and 232.45, refers to the court's authority to adjudicate the charges, not its subject matter jurisdiction over such cases."). "Whether noncompliance takes the form of faulty proceedings . . . or the form of a total absence of such proceedings, as occurred here, makes no difference." *Emery*, 636 N.W.2d at 123. Any "lack of a proper transfer" of jurisdiction "is simply a defect in the district court's authority that can be waived." *Id*. For these reasons, Noehl's

challenge to the district court's subject matter jurisdiction is unpersuasive, and we affirm on this issue.

## IV.    Amendments to the Trial Information

Noehl next claims the State's amendments to the trial information "were not authorized by Iowa law." Iowa courts have "a 'relatively narrow view' of the circumstances under which the state may amend a trial information." *Vandermark*, 965 N.W.2d at 889. "Amendment is not allowed if substantial rights of the defendant are prejudiced by the amendment, or if a wholly new and different offense is charged." Iowa R. Crim. P. 2.4(6)(c).[4]

In *Vandermark*, the supreme court determined the district court erred by allowing the State to amend a charge of assault causing bodily injury to a charge of willful injury causing bodily injury, finding the amendment "charged a wholly new and different offense." 965 N.W.2d at 892. The court noted the amendment "increased the level of punishment" and "altered the elements of the offense." *Id.* at 893 ("Other than predicates for enhanced sentencing under drug trafficking and recidivist statutes, we have focused on whether the new charge increases the potential punishment and requires proof of different or additional elements.").

Noehl relies on *Vandermark*, claiming the "screening" policy of the court is defeated "if the prosecution can substitute a different crime—one that occurred at a different time and place—for the crime originally charged, simply because the two crimes share the same elements." *See id.* at 894 ("In exercising the screening function, the judge or magistrate must find 'that the evidence contained in the

---

[4] This rule was renumbered from Iowa Rule of Criminal Procedure 2.4(8)(a), effective July 1, 2023.

information and the minutes of evidence, if unexplained, would warrant a conviction by the trial jury.'" (citation omitted)).  According to Noehl, where the third version of the trial information changed the location and date of the offense, "it cannot be true that [the] amended information charges the same offense."  He claims, "The amendment may recite the same statute, but it plainly charges a different offense—one that took place years later and in a different place than the violation that was originally charged."[5]

This case is distinguishable from *Vandermark.*  The original minutes of testimony stated R.S. would testify Noehl sexually assaulted her over many years, starting when she was approximately four years old and he was approximately ten years old, and the abuse stopped "for a few years until she was 16 years old" because she had threatened to tell their grandmother.  R.S. would testify about assaults that took place at a park during a birthday party, at a family reunion, at a library near the grandmother's house, at a family Thanksgiving, and at the homes of family members.  R.S.'s mother would testify that after R.S.'s grandmother passed away, R.S. disclosed Noehl's sexual abuse that took place when Noehl was between fourteen and sixteen years old.  Investigators would testify Noehl

---

[5] The State counters that Noehl "did not preserve error on a claim that this amendment charges a wholly new or different offense."  We observe, however, in his resistance to the State's second amended trial information, Noehl challenged the charging of different offenses.  And the State responded, countering that "the new amended trial information does not charge a new or different offense as the original trial information."  Moreover, in the court's ruling denying Noehl's motions to dismiss, the court found, "These amended filings do not prejudice the substantial rights of Defendant, and do not charge wholly new and different offenses."  Because the issue was raised before and ruled upon by the court, error was preserved.  *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (noting error is preserved when an issue is "both raised and decided by the district court").

"admitted 23 sexual actions" during interviews but blamed the sexual encounters on R.S.

The minutes of testimony were later amended to state R.S. would testify Noehl "was continuing to sexually abuse her" when he was fourteen and fifteen years old, including that he "forced her to touch his penis" when he was fourteen years old. R.S.'s mother would testify about how she figured out exact dates for the offenses, "based upon events that occurred around the same time, such as [R.S.] refusing to go certain places, changes in her behavior and other family events such as when they stopped going to certain places and deaths in the family." An investigator would testify that interview recordings would show Noehl "admitted to sexually molesting [R.S.] multiple times including when she was 11 years old and including during times when the defendant was 14 and older."

"The dates fixed in the indictment for the commission of a crime are not material, and an indictment may be amended to conform to the proof." *State v. Woodyard*, 414 N.W.2d 654, 658 (Iowa Ct. App. 1987); *State v. Brown*, 400 N.W.2d 74, 77 (Iowa Ct. App. 1986) ("The date fixed in the indictment or information for the commission of a crime is not material, and a conviction can be returned upon any date within the statute of limitations, absent a fatal variance between the allegations and proof."). The amended trial information conformed with the proof, as set forth in the minutes of testimony, which were amended before trial. *See Woodyard*, 414 N.W.2d at 658 (finding amendments to dates and where the defendant was living did "not change the offense charged"). Under these circumstances, we are not persuaded by Noehl's contention that the amended trial information charged him with new crimes. *See id.*; *Brown*, 400 N.W.2d at 76

(rejecting the defendant's claim that the State failed to present sufficient evidence to establish the "time and place where the alleged sexual abuse occurred," because "the time and place of the offense [we]re not material to the charge" of sexual abuse). Moreover, even the initial trial information alleged conduct that took place when Noehl was fourteen, so "the amendment did not change [his] defense strategy." *Maghee*, 573 N.W.2d at 6 ("An amendment prejudices the substantial rights of the defendant if it creates such surprise that the defendant would have to change trial strategy to meet the charge in the amended information.").

Neither did the amended trial information increase Noehl's potential punishment. Noehl points to the court's ruling in *State v. Brothern*, 832 N.W.2d 187 (Iowa 2013). There, the court stated a defendant's substantial rights could be prejudiced by allowing an amendment "during trial to add an enhancement," "if the defendant had no prior notice of the State's plan to amend and would have pled guilty had he or she known of that plan before trial." *Brothern*, 832 N.W.2d at 196. *Brothern* does not apply to this case. To the extent Noehl argues the amendment was prejudicial because it availed him to criminal court, we disagree. The allegations raised in the initial trial information included dates when Noehl was fourteen. In any event, Noehl did not file a reverse waiver motion to prompt the court's consideration of transferring the case to the juvenile court. We affirm on this issue.[6]

---

[6] Noehl raises two additional contentions to support his claim. First, he argues the State "acted in bad faith" by continuing "to change the dates of the offense conduct in order to keep [him] in adult criminal court." Bad faith is not a cognizable legal challenge to preclude amendments to a trial information. *See* Iowa R. Crim. P. 2.4. In any event, these facts would not support a finding of bad faith on the part of the

## V.   Evidentiary Hearing

Noehl also claims the court erred in "declining to hold an evidentiary hearing to determine jurisdiction." If we do not dismiss the trial information, Noehl requests that we "remand the case to the district court with directions for an evidentiary hearing on the jurisdictional issue." Noehl relies on *Tigges v. City of Ames*, 356 N.W.2d 503 (Iowa 1984) to support his claim. In *Tigges*, the court addressed "the proper procedure to be used in determining subject matter jurisdiction of the district court." 356 N.W.2d at 510. The court advised "when a court is confronted with the question of its own authority to proceed it should take charge of the proceedings affirmatively, regardless of the vehicle used to raise the issue; utilize the most efficient methods at its disposal to determine the true fact; and decide the issue promptly." *Id.* The court further explained,

> Where there is a conflict between the parties as to the existence of a jurisdictional fact, the court should not decide the question on affidavits, even with the consent of the parties; in such case the dispute should be determined by the taking of evidence, either at a hearing on that issue or at the trial of the case.

*Id.* at 511 (quoting 21 C.J.S. *Courts* § 112 (1940)).

The supreme court's guidance in *Tigges* is not applicable to this case. Here, although framed that way, Noehl's challenge was unrelated to the court's subject

---

State in amending the trial information to clarify the conduct alleged based on the evidence.

Second, Noehl claims the court's ruling "discourages attorneys from raising jurisdiction sooner" when he could have just "wait[ed] until immediately *after* jeopardy has attached to make an objection to the district court's jurisdiction." This claim fails on its premise, because as noted above, Noehl's challenge was not to the court's jurisdiction but the court's authority. And "an objection to a court's authority to hear a particular case must be raised in that court in order to preserve error on this issue." *Emery*, 636 N.W.2d at 120. Had Noehl not raised the issue when he did, his challenge would have been waived. *Id.* at 123.

matter jurisdiction. There is no question the court had jurisdiction; any error in determining whether the offenses should be tried in juvenile court or district court would be "judicial, not jurisdictional." *State v. Yodprasit*, 564 N.W.2d 383, 386 (Iowa 1997). And Noehl challenged the court's authority to hear his case via a motion to dismiss. So we must accept as true the facts alleged in the trial information, and, "if the facts the State has alleged charge a crime as a matter of law," the motion to dismiss would be properly denied. *See State v. Gonzalez*, 718 N.W.2d 304, 307 (Iowa 2006) ("We accept the facts alleged by the State in the trial information and attached minutes as true. 'We will reverse the trial court's dismissal of the charge at issue if the facts the State has alleged charge a crime as a matter of law.'" (internal citations omitted)).

Noehl's challenge to the court's authority at the motion-to-dismiss stage centered on "whether the facts the State has alleged in the trial information and attached minutes charge[d] a crime as a matter of law." *State v. Bailey*, 2 N.W.3d 429, 434 (Iowa 2024) (citation omitted). As we concluded above, they did. And even if Noehl had raised a claim relating to a transfer to juvenile court—which he did not—the absence of a proper transfer would "not deprive the district court of subject matter jurisdiction." *Emery*, 636 N.W.2d at 125. We find no error in the court's denial of Noehl's motions to dismiss, and we conclude Noehl was not entitled to an evidentiary hearing on his claim.

We affirm the district court's order granting the State's motion to amend the trial information and denying Noehl's motion to dismiss.

**AFFIRMED.**