**STATE of Iowa, Appellant,**

v.

**Raymond SULLINS, Appellee.**

No. 93–561.

Supreme Court of Iowa.

Dec. 22, 1993.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., John P. Sarcone, County Atty., and Thomas H. Miller, Asst. Atty. Gen., for appellant.

John P. Roehrick of Roehrick, Hulting & Moisan, Des Moines, for appellee.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

Raymond Sullins was charged by trial information with six counts. In count VI he was accused of:

INTERFERENCE WITH OFFICIAL ACTS in violation of Iowa Code section 719.1 in that the defendant, on or about the 22nd through the 26th day of November, 1991, at Des Moines, in Polk County, Iowa, did knowingly obstruct Jan Buck, a person known to the defendant to be a peace officer in performance of acts within the scope of the officers' lawful duty or authority, to wit: taking protective custody of a child.

Before trial Sullins filed a motion to dismiss counts III through VI. Pertinent to this appeal is the court's ruling on count VI. For purposes of ruling on the motion to dismiss, the facts as alleged by the State in the trial information and attached minutes of testimony are assumed to be true. *State v. Doss,* 355 N.W.2d 874, 881 (Iowa 1984).

In this case an infant child was taken to the hospital for examination. A medical doctor and three dentists concluded the bite marks on the buttocks and face of the child were from an adult human. The child's mother admitted she had made them. These findings were reported to Jan Buck, a juvenile court officer. She agreed the child would be taken into custody pending issuance of a court order.

Later that day, the child's mother and her husband, together with their attorney Sullins, appeared at the hospital and asked that the child be released. The juvenile court officer was contacted by phone. The officer advised Sullins that the State was taking the child under protective custody. Although admitting she had not secured a court order, Buck advised Sullins that she had authority to take custody of the child under Iowa Code section 232.79 (1991). The mother, her husband, and Sullins then left the hospital, taking the child with them.

Because Buck was a juvenile court officer and not a peace officer, Sullins urged the trial information failed to show interference with an official act. The district court concluded a juvenile court officer does not have the authority to take protective custody of a child. Therefore, interference with a juvenile court officer's attempt to take custody would not be interference with an official act. The court dismissed count VI of the information. The State appealed this ruling. We affirm.

Iowa Code section 232.79 provides in part:

1. A peace officer may take a child into custody ... without a court order as required under section 232.78 and without the consent of a parent, guardian, or custodian provided that both of the following apply:

a. The child is in a circumstance or condition that presents an imminent danger to the child's life or health.

b. There is not enough time to apply for an order under section 232.78.

Under chapter 232 a "peace officer means a law enforcement officer or a person designated as a peace officer by a provision of the Code." Iowa Code § 232.2(36). A "juvenile court officer" is defined as a person appointed as a juvenile court officer under section 602.7202. Iowa Code § 232.2(30). Juvenile court officers "have the duties prescribed in chapter 232, subject to the direction of the judges of the juvenile court." Iowa Code § 602.7202(3). "A juvenile court officer has the powers of a peace officer while engaged in the discharge of duties." Iowa Code § 602.7202(4).

The issue presented in this appeal is whether a juvenile court officer has the power and authority of a peace officer to take custody of a child without a court order under section 232.79. Here, Buck believed she had the authority of a peace officer. The resolution of this issue involves the construction and interpretation of relevant statutes.

■ In considering statutory questions our review is to correct errors of law. *State v. Stanford,* 474 N.W.2d 573, 575 (Iowa 1991). In interpreting statutes "our ultimate goal is to ascertain and give effect to the intention of the legislature." *Harden v. State,* 434 N.W.2d 881, 884 (Iowa 1987). We seek a reasonable interpretation that will best effect the purpose of the statute. *Id.* When more than one statute is pertinent, we consider the statutes together in an attempt to harmonize them. *Id.*

The State argues a juvenile court officer is acting as both a juvenile court officer and a peace officer while performing the duties prescribed in chapter 232. Sullins insists the terms "juvenile court officer" and "peace officer" must be construed as mutually exclusive. Both terms are defined in chapter 232 and are used side by side in section 232.19. Section 232.19 provides a child may be taken into custody "[b]y a peace officer for the purpose of reuniting a child with the child's family ..." and "[b]y a peace officer, juvenile court officer, or juvenile parole officer when the officer has reasonable grounds to believe the child has committed a material violation of a dispositional order." Iowa Code § 232.-19(1)(c), (d).

■ We do not presume the legislature intended words in a statute be given a redundant meaning. *State v. Pinckney,* 306 N.W.2d 726, 728 (Iowa 1981). It is apparent the legislature recognized and intended a distinction between a juvenile court officer and a peace officer. "Legislative intent may be expressed by omission as well as by inclusion." *State v. West,* 446 N.W.2d 777, 778 (Iowa 1989).

■ The State urges the denial of a juvenile court officer's authority to act as a peace officer in carrying out assigned duties will produce an impractical or absurd result. *See*

*American Asbestos v. Eastern Iowa Community College,* 463 N.W.2d 56, 58 (Iowa 1990). The State suggests that if juvenile court officers do not have the authority of a peace officer, their duties under chapter 232 would be primarily administrative and nonconfrontational. For such routine duties, the State contends, a juvenile court officer would have no need for the powers of a peace officer granted by section 602.7202(4). We reject this argument.

Among the duties a juvenile court officer may perform under chapter 232 are: (1) serve as an intake officer (Iowa Code §§ 232.28; 232.2(25)) (while serving this function the intake officer may interview the complainant, check records, hold conferences, examine physical evidence, and determine if a complaint is legally sufficient); (2) conduct waiver of jurisdiction investigations (*Id.* § 232.45(4)); (3) conduct predisposition investigations (*Id.* § 232.48); (4) supervise children placed on probation (*Id.* §§ 232.52, 232.-2(41)); (5) request shelter care hearing (*Id.* § 232.44(2)); (6) request termination of disposition orders (*Id.* § 232.54); (7) petition to remove sex offenders from residence (*Id.* § 232.82(2)); (8) file CHINA petitions (*Id.* § 232.111); (9) petition to terminate parental rights (*Id.* § 232.125). These duties are not simply ministerial.

Peace officers have limited authority and responsibility under chapter 232. Both a juvenile court officer and a peace officer may take children into custody for violation of dispositional orders, Iowa Code § 232.-19(1)(d), and both may inspect criminal justice agency records under section 232.-149(3)(a), (b). In addition to the authority to take custody without a court order under section 232.79, a peace officer has authority to take a child into custody for the purpose of reuniting the child with the child's family or removing the child to a shelter. Iowa Code § 232.19(1)(c).

The legislature has identified distinct duties of a juvenile court officer and has limited the juvenile court officer's authority to function as a peace officer. The statutory language and legislative intent is clear; the terms "peace officer" and "juvenile offi-

cer" are not synonymous. We affirm the court's dismissal of count VI.

AFFIRMED.