**In the Interest of G.J.A., A Minor Child,**

**Iowa Department of Human Services, Appellant.**

**No. 95–1389.**

Supreme Court of Iowa.

April 17, 1996.

---

Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant Attorney General, for appellant.

ANDREASEN, Justice.

This is an appeal from a delinquency dispositional order placing G.J.A., a seventeen-year-old male, in the Iowa state training school. The Department of Human Services (Department) contends that G.J.A. does not meet the statutory criteria for placement at the school pursuant to Iowa Code section 232.52(2)(e) (1995). We agree and, accordingly, reverse the juvenile court's dispositional order.

## I. *Background Facts and Proceedings.*

In 1992 G.J.A. was charged with having stolen a jacket valued at $250. A petition was filed alleging him to be delinquent for committing theft in the third degree. *See* Iowa Code § 232.35. A consent decree was entered indicating G.J.A. admitted guilt to the offense, but adjudication would be withheld and the matter dismissed should he complete a six-month probation period. *See id.* § 232.46. G.J.A. failed to comply with the terms of the consent decree and he was adjudicated as having committed the delinquent act and placed in residential treatment in May of 1992. *See id.* § 232.47.

During the next two years G.J.A. was placed in at least two other treatment centers. Because he ran away several times from the court ordered placements, numerous detention orders were issued. Although a charge of interference with official acts was filed against him in January 1994, no adjudi-

catory hearing was conducted nor was a consent decree entered on the charge.

In June, 1995, after G.J.A. had run from placement at a youth center, the assistant county attorney requested an order modifying the prior dispositional orders and placing G.J.A. in the Iowa state training school. *See id.* § 232.54. Following hearing the juvenile court ordered that custody and guardianship of G.J.A. be placed with the Department for placement at the state training school. The training school, relying on an administrative interpretation of section 232.52(2)(e), advised the county attorney that it refused to admit G.J.A. The assistant county attorney then notified the court of this fact and the court set the matter for hearing. The court found that the criteria for placement was met and issued an order effectuating its previous dispositional order placing G.J.A. in the training school. The Department appeals.

 Our scope of review in appeals from delinquency cases is de novo. *In re D.L.C.,* 464 N.W.2d 881, 882 (Iowa 1991). The present case, however, requires our construction of statutory language. In considering statutory questions our review is to correct errors of law. *State v. Sullins,* 509 N.W.2d 483, 485 (Iowa 1993).

## II. *Statutory Criteria for Placement.*

The disposition of a child found to have committed a delinquent act is governed by Iowa Code section 232.52. The juvenile court may place a child in the state training school

provided that the child is at least twelve years of age and the court finds the placement to be in the best interests of the child or necessary for the protection of the public, and that the child has been found to have committed an act which is a forcible felony, as defined in section 702.11, or a felony violation of section 124.401 or chapter 707, or the court finds any three of the following conditions exist:

(1) The child is at least fifteen years of age and the court finds the placement to be in the best interests of the child or necessary to the protection of the public.

(2) The child has committed an act which is a crime against a person and which would be an aggravated misdemeanor or a felony if the act were committed by an adult.

(3) The child has previously been found to have committed a delinquent act.

(4) The child has previously been placed in a treatment facility outside the child's home.

Iowa Code § 232.52(2)(e).

G.J.A. does not meet the criteria for placement under the first test because he had not committed a forcible felony, homicide, or drug offense. Therefore, the court relied on the second test requiring three of the four conditions listed. The court found that G.J.A. met the conditions under subsections (1), (3), and (4). It is undisputed that G.J.A. did not meet criterion (2). The Department concedes that G.J.A. met criteria (1) and (4), but contends he failed to meet criterion (3) that the "child has previously been found to have committed a delinquent act."

A delinquent act is defined as follows:

a. The violation of any state law or local ordinance which would constitute a public offense if committed by an adult except any offense which by law is exempted from the jurisdiction of this chapter.

b. The violation of a federal law or a law of another state which violation constitutes a criminal offense if the case involving that act has been referred to the juvenile court.

*Id.* § 232.2(12). The dispute in this case arises from the term "previously" and the construction of criterion (3) as a whole within the context of our statutory scheme for juvenile dispositions.

The court found criterion (3) was met because G.J.A. was previously found to have committed a delinquent act when he was adjudicated as having committed the offense of theft in the third degree in 1992. The Department, however, argues that criterion (3) requires a finding that the child committed a delinquent act in addition to the delinquency finding of the initial adjudication. The court has only made one finding that G.J.A. committed a delinquent act. The Department contends that the court's statutory

**6**

construction nullifies the word "previously" because under Iowa's statutory scheme the court must find the child committed a delinquent act before a dispositional hearing can be held. *See id.* §§ 232.47(10), 232.50(1), 232.54.

 We only resort to rules of statutory construction when the statute is ambiguous. *State v. Gilmour,* 522 N.W.2d 595, 597 (Iowa 1994). An ambiguity exists "if reasonable minds may differ or be uncertain as to the meaning of the statute." *Id.* We conclude that the meaning of section 232.52(2)(e)(3) is ambiguous and requires court construction.

### III. *Construction of Section 232.52(2)(e)(3).*

 In considering statutory language, we adhere to established standards for the construction of statutes. *See* Iowa Code ch. 4. If a statute is ambiguous we may look to the legislative history, the object to be accomplished, the evils to be remedied, and the purpose for which the statute was enacted. *Id.* § 4.6(1)–(3); *Shidler v. All American Life & Fin. Corp.,* 298 N.W.2d 318, 321 (Iowa 1980). Under Iowa Code section 232.52(2)(e), the legislature clearly restricted the court's authority to place only certain children at the state training school. It appears the legislature's purpose was to restrict the population of the school, both for its own sake, and as part of an effort to emphasize community-based placements in juvenile court dispositions. *See* 1990 Iowa Acts ch. 1239 §§ 7, 21, 22.

 We must place a reasonable construction on the statute which will best effect the purpose of the statute, rather than one which will defeat it. *Sullins,* 509 N.W.2d at 485. The "statute should not be construed so as to make any part of it superfluous unless no other construction is reasonably possible." *Iowa Auto Dealers Ass'n v. Iowa Dep't of Revenue,* 301 N.W.2d 760, 765 (Iowa 1981). We will presume the legislature enacted each part of the statute for a purpose and intended that each part be given effect. Iowa Code § 4.4(2); *Iowa Dep't of Transp. v. Nebraska–Iowa Supply Co.,* 272 N.W.2d 6, 11 (Iowa 1978). We will not presume that the legislature intended words in the statute be given a redundant meaning. *Sullins,* 509 N.W.2d at 485. Finally, we may consider the administrative construction of the statute. Iowa Code § 4.6(6).

 The training school superintendent testified that section 232.52(2)(e)(3) had been construed and consistently applied to require more than one finding of a delinquent act. We agree with this construction. Dispositional hearings are held following the entry of an order of adjudication. *Id.* § 232.50(1). The adjudication order is entered by the court following a finding that the child has committed a delinquent act. *Id.* § 232.47(10). If only one finding of the commission of a delinquent act is required, the statutory criterion would be pointless and superfluous. We construe section 232.52(2)(e)(3) to require a finding that the child has been found to have committed two or more delinquent acts.

**REVERSED.**