**In the Interest of J.N., A Child, Appellant.**

**No. 99–1711.**

Supreme Court of Iowa.

Nov. 16, 2000.

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

Larry F. Woods, Oelwein, for appellant.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, and Joel Dryer, Assistant County Attorney, for appellee-State.

NEUMAN, Justice.

This appeal concerns a delinquent teenager, J.N., whose failure to successfully complete community-based treatment programs and services prompted the juvenile court to transfer him to the State Training School at Eldora. The question is whether J.N.'s placement at the training school accords with Iowa Code section 232.52(2)(e) (Supp.1997). We conclude that because J.N.'s failures did not include a new adjudication of delinquency, the statutory requirements for placement at the training school cannot be met. We therefore reverse and remand for further proceedings.

The facts are undisputed. A delinquency petition, as amended, charged twelve-year-old J.N. with nine crimes occurring in four separate incidents during the late summer and fall of 1997. Pursuant to plea negotiations, the State dismissed charges for criminal mischief, attempted burglary and interference with official acts in exchange for J.N.'s guilty pleas to two counts of simple assault, disorderly conduct, assault causing bodily injury, assault with intent to commit serious injury involving a weapon, and public intoxication. Following a combined adjudicatory and dispositional hearing on all the charges, the court ordered J.N. placed "in foster group care in a comprehensive or community residential facility designed with programming for conduct-disordered and substance-abusing youth."

J.N.'s initial placement at a youth shelter in Ames was unsuccessfully terminated as a result of his physical and verbal aggression. He was then transferred to the Hillcrest Shelter for a short time before being enrolled in a residential treatment program at the Annie Wittenmyer facility in Davenport. J.N. completed that program and, in March 1999, his disposition was modified to permit a return home while participating in a day/evening treatment program under continuing probation supervision. He violated the terms of his probationary status by running away in

May 1999. He was on the run until July 1999, when he was returned to detention.

Following a thirty-day evaluation, the court held a modification hearing pursuant to Iowa Code section 232.54 to determine whether a more restrictive placement for J.N. would be appropriate. The State recommended placement at the State Training School. The evaluation received by the court indicated that J.N. "has not benefited from previous residential treatments or outpatient interventions" and the training school would provide structure and programs to address J.N.'s ongoing substance abuse, behavioral, and educational issues. J.N. resisted placement at the training school, arguing he did not fit the statutory requirements for admission and, further, it was not the least restrictive placement available.

The juvenile court initially expressed concern about whether J.N. qualified for placement at the training school. But the court ultimately determined none of the less-restrictive alternative dispositions could address J.N.'s needs in a secure setting. The court therefore entered an order placing him at the training school for a period of three years. J.N. now appeals.

## I. Scope of Review.

■ We review de novo both the juvenile court's factual findings and its conclusions of law. *In re C.T.*, 521 N.W.2d 754, 756 (Iowa 1994).

## II. Issue on Appeal.

■ The question on appeal is whether, as J.N. suggests, the court erred as a matter of law when it placed him at the State Training School. Both the State and J.N. agree that the governing statute is Iowa Code section 232.52(2)(e). The statute provides, in pertinent part, that placement at the training school is permitted if three of the following four conditions exist:

(1) The child is at least fifteen years of age....

(2) The child has committed an act which is a crime against a person and which would be an aggravated misdemeanor or a felony if the act were committed by an adult.

(3) The child has *previously* been found to have committed a delinquent act.

(4) The child has *previously* been placed in a treatment facility outside the child's home or in a supervised community treatment program established pursuant to section 232.191, subsection 4, as a result of a *prior* delinquency adjudication.

Iowa Code § 232.52(2)(e) (emphasis added). Because J.N. was barely fourteen at the time of the court's modified disposition order, all three of the remaining conditions must be satisfied to lawfully justify his placement at the training school. There is no dispute that the second condition is satisfied by J.N.'s plea to an assault which, were he an adult, would be an aggravated misdemeanor. That leaves for our consideration the applicability of conditions (3) and (4).

The question boils down to whether the statutory terms "previously" and "prior" refer to delinquency adjudications *other than* the one prompting the challenged disposition or whether, as the juvenile court apparently found, the terms pertain to events occurring *as part of this adjudication but at an earlier time*. The distinction is not abundantly clear, as this court found in *In re G.J.A.*, 547 N.W.2d 3, 6 (Iowa 1996). We determined there that the statute is ambiguous and must be construed in light of its evident legislative purpose. *G.J.A.*, 547 N.W.2d at 6.

We held in *G.J.A.* that section 232.52(2)(e)(3) requires "a finding that the child has been found to have committed two or more delinquent acts" before placement at the training school is permitted. *Id.* The State relies heavily on this holding to support the juvenile court's ruling here, mindful that J.N. committed no less than six delinquent acts. The issue before us,

**406**

however, is not the same as the one facing us in *G.J.A.* There the child had been adjudicated of only one delinquent act. *Id.* Because a disposition always *follows* an adjudication, every adjudication would be *previous* to some disposition, making the term "previously" in condition (3) superfluous unless it meant something more. *Id.* Legislative history suggested an intent to view placement at the training school as a last resort. We thus construed the statute to require, at a minimum, more than one adjudication of delinquency before placement at the school was authorized. *Id.*

■ The case before us prompts us to look at the statutory words "previously" and "prior" with greater regard to their temporal significance. If the legislature had been concerned solely about the *number* of delinquent acts committed, to the exclusion of their *sequence,* condition (3) would state "The child has committed more than one delinquent act." Instead the legislature used the phrase *"has previously been found* to have committed a delinquent act." Iowa Code § 232.52(2)(e)(3). "Previous" is commonly defined as "going before in time or order." Webster's Ninth New Collegiate Dictionary 933 (1986). This leads us to conclude condition (3) refers to an adjudication of delinquency that predates the adjudication prompting the disposition under review. It also prompts us to reject the State's claim that J.N.'s multiple adjudications on a single date necessarily satisfy the statutory test.

Our view is only reinforced when we consider the final requirement of section 232.52(2)(e). Subsection (4) requires that "[t]he child has previously been placed in a treatment facility outside the child's home or in a supervised community treatment program ... as a result of a prior adjudication." J.N. arguably meets the threshold requirement, having been placed in two out–of–home treatment facilities and one day/evening treatment program for substance abuse. But the "prior adjudication"

requirement poses another timing problem. "Prior" means "earlier as in time or order." Webster's Ninth New Collegiate Dictionary 936 (1986). J.N.'s *only* adjudication is the one before us. The juvenile court essentially read the word "prior" out of the statute, contrary to the rule that a legislature presumptively enacts each part of the statute for a purpose. *G.J.A.,* 547 N.W.2d at 6.

As we observed in *G.J.A.,* the purpose of this statutory scheme is "to restrict the population of the school, both for its own sake, and as part of an effort to emphasize community-based placements in juvenile court dispositions." *Id.* Although we are sympathetic to the juvenile court's belief that the training school would provide the most secure and effective programming to meet J.N.'s needs, the legislature in its wisdom placed restrictions on that alternative. Had J.N. been adjudicated for another delinquent act following the ones for which he is presently under supervision and treatment, then section 232.52(2)(e) would have permitted his placement at the training school. But under the record before us, J.N. does not meet that qualification. Accordingly, we reverse the disposition order entered by the juvenile court and remand for further proceedings regarding an appropriate placement for this juvenile.

**REVERSED AND REMANDED.**

McGIVERIN, S.J.*, participates in place of LARSON, J., who takes no part.

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).