**In re C.G.B., Minor Child,**

**C.G.B, Minor Child, Appellant.**

No. 01–0610.

Court of Appeals of Iowa.

Feb. 20, 2002.

David N. Nadler, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Tabitha Gardner, Assistant Attorney General, and Rebecca Belcher, Assistant County Attorney, for appellee.

Considered by VOGEL, P.J., and MILLER and EISENHAUER, JJ.

VOGEL, P.J.

C.G.B. (Cassie), born January 18, 1984, appeals a modification of a disposition order transferring her custody and guardianship to the Iowa Department of Human Services (IDHS) for purposes of placement in the Iowa State Training School for Girls. Because we conclude the State did not prove the statutory requisites for placement at the school, we reverse and remand.

**Scope of Review.** We review juvenile matters de novo. *In re N.W.E.*, 564 N.W.2d 451, 453 (Iowa Ct.App.1997). The present case, however, requires our construction of statutory language. In considering statutory questions our review is to correct errors of law. *In re G.J.A.*, 547 N.W.2d 3, 5 (Iowa 1996).

*Procedural Background.* In March of 1999, the State filed a delinquency petition alleging Cassie had committed the delinquent act of first-degree criminal mischief in violation of Iowa Code sections 716.1 and 716.3 (1997). Cassie never admitted her participation in the alleged act. In April of 1999, a consent decree was entered placing Cassie on supervised probation and requiring her to pay restitution. The decree ordered the pending delinquency petition be "continued indefinitely" pending an application to reset the hearing. No further hearing was held on the matter.

On August 31, 2000, Cassie was adjudicated to have committed the offense of solicitation to commit a felony in violation of Iowa Code section 705.1 (1999). The juvenile court transferred Cassie's custody to IDHS for placement in a residential treatment facility. In March of 2000 Cassie was unsuccessfully returned home.

This was followed by a series of failed placements including detention, a day treatment program, and another residential treatment program. In April of 2001, the court ordered Cassie be placed at the Iowa State Training School for Girls until her eighteenth birthday.[1]

*Modification of Placement.* Iowa Code section 232.54(5) (2001) allows the juvenile court, upon presentation of clear and convincing evidence, to modify a dispositional order by imposing a more restrictive placement. In this case, after considering Cassie's previous failed placements, the seriousness of her delinquent act, her continued violations of the terms and conditions of formal probation, and the need for protection of the community, the court ordered Cassie to a more restrictive placement at the state training school. Cassie contends the dispositional modification was without statutory authority.

Under Iowa Code section 232.52(2)(e), the court may order placement at a state training school if any three of the following conditions are met:

(1) The child is at least fifteen years of age and the court finds the placement to be in the best interests of the child or necessary to the protection of the public.

(2) The child has committed an act which is a crime against a person and which would be an aggravated misdemeanor or a felony if the act were committed by an adult.

(3) The child has previously been found to have committed a delinquent act.

(4) The child has previously been placed in a treatment facility outside the child's home or in a supervised community treatment program established pur-

---

1. We acknowledge Cassie has turned eighteen during the pendency of this appeal. Nonetheless, we choose to address the question be-

cause it is a matter of public importance and is likely to recur. *Shannon v. Hansen,* 469 N.W.2d 412, 414 (Iowa 1991).

suant to section 232.191, subsection 4, as a result of a prior delinquency adjudication.

Cassie challenges the juvenile court's findings with regard to each of the above elements. In addition, she contends the court erroneously concluded placement at the state training school was the least restrictive alternative. Although the State asserts Cassie failed to preserve error on her arguments, we believe Cassie's direct appeal was sufficient to preserve her claims for our review. *See In re N.W.E.*, 564 N.W.2d 451, 455 (Iowa Ct.App.1997) (holding a direct appeal sufficiently preserves a challenge to delinquency dispositional orders).

Although Cassie raises a number of issues challenging her placement, we find subsections (1) and (2) of section 232.52(2)(e) are unquestionably satisfied and therefore limit our discussion to determining whether subsections (3) and (4) are met. Subsection (4) requires that a child has previously been placed in a treatment facility or program as a result of a *prior* delinquency adjudication. Cassie has been adjudicated delinquent on only one occasion. *See In re J.N.*, 619 N.W.2d 403, 406 (Iowa 2000). The State concedes, and we conclude, she therefore does not meet the requirement of a "prior delinquency" under subsection (4). *Id.*

Subsection (3) requires that "the child has previously been found to have committed a delinquent act." Iowa Code § 232.52(2)(e)(3). The State argues that although Cassie has only one adjudication, the prior consent decree for first-degree criminal mischief constitutes the necessary previous delinquency finding. The issue therefore becomes whether entry of this consent decree, without a finding of delinquency, fulfills the statutory intent manifested by the word "found," as used in this subsection.

Iowa Code section 232.46 allows for a consent decree to be entered prior to an order of adjudication. The decree may be in force and effect for six months, if not extended, and the child may be required to comply with various terms of supervision. Iowa Code § 232.46(1), (4). If a child fails to comply with the terms of the consent decree, she may be held accountable for the underlying delinquent act. *Id.* § 232.46(5). However, if at the end of the six-month period the child has complied with the terms and conditions, the original delinquency petition may not be reinstated and the State cannot proceed against the child for the delinquent act. *Id.* § 232.46(6).

There is nothing in this record indicating Cassie's original delinquency petition was reinstated and therefore nothing to indicate she was ever found to have committed the delinquent act contained within the consent decree. *See In re Rousselow*, 341 N.W.2d 760, 762 (Iowa 1983) ("The result of a successful probation under a consent decree would be that the case be dismissed without an adjudication of delinquency against the child."). The State argues the requirement of section 232.52(2)(e)(3) is nevertheless met, based on Cassie's entry into the plea agreement, forming the basis of the consent decree, and agreement to pay restitution. We, however, are not willing to read those inferences into the statute.

When the statutory language is plain and its meaning is clear, we should not reach for meaning beyond the statute's express terms or resort to rules of statutory construction. *Meier v. Sac & Fox Indian Tribe*, 476 N.W.2d 61, 63–64 (Iowa 1991). The plain language of section 232.52(2)(e)(3) requires a delinquency finding, which implies a need for an adjudicatory determination. *See* Iowa Code § 232.47(1) (requiring an adjudicatory

hearing before a delinquency finding can be made as to a child denying petition allegations); *id.* § 232.47(10) (hinging a delinquency finding upon proof beyond a reasonable doubt the child engaged in the delinquent behavior). *See also In re G.J.A.*, 547 N.W.2d 3, 6 (Iowa 1996). A consent decree not only precedes a court adjudication, but can be entered even absent an admission of wrongdoing on the part of the child. *See generally* Iowa Code § 232.46. We therefore hold this consent decree entered into pursuant to section 232.46, which did not contain an admission or finding, does not satisfy the requirement under section 232.52(2)(e)(3) that a child is found to have committed a delinquent act.[2]

Accordingly, Cassie was not previously found to have committed the delinquent act of criminal mischief. Absent this finding, the State cannot prove three of the four conditions under section 232.52(2)(e) exist, and Cassie's placement at the state training school must fail. We therefore reverse and remand this matter to the juvenile court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

**2.** We take no position on whether an expired consent decree, even with a finding of delinquency, would satisfy the requirement that the child is found to have committed a delinquent act.