STATE of Iowa, Plaintiff–Appellee,

v.

Jason Tyler DUNCAN, Defendant–Appellant.

No. 12–1157.

Court of Appeals of Iowa.

Oct. 23, 2013.

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellee.

Thomas J. Miller, Attorney General, Martha Trout, Assistant Attorney General, and Alan M. Wilson, County Attorney, for appellee.

Heard by VOGEL, P.J., and DANILSON and TABOR, JJ.

TABOR, J.

Jason Tyler Duncan faces forty-one counts of sexual abuse in the second degree for acts he allegedly committed when he was between the ages of twelve and fifteen. The district court determined Duncan, who is now in his twenties, was ineligible for waiver to juvenile court under Iowa Code sections 232.8(1)(c) and 702.5 (2011). The Iowa Supreme Court granted Duncan's request for discretionary review and transferred the case to us. Because we conclude the district court misinterpreted the juvenile code provisions governing transfer of jurisdiction, we reverse its ruling and remand with directions. We also hold Duncan may not be tried as an adult for acts he allegedly committed when he was younger than fourteen.

## I. Background Facts and Proceedings

The Wayne County Attorney originally charged Duncan with one count of sexual abuse in the second degree, in violation of Iowa Code section 709.1(3) and 709.3(2), by trial information filed August 31, 2010. The information alleged Duncan engaged in sex acts with a child under the age of twelve from approximately 2003 through 2008. Duncan's attorney filed an application for waiver to juvenile court on October 5, 2010. Before the court ruled on the transfer, Duncan entered a guilty plea to an amended charge of sexual abuse in the third degree on April 26, 2011. The court allowed Duncan to withdraw his guilty plea on August 23, 2011, because the plea-taking court did not advise him of the special sentence for sex offenders under Iowa

Code chapter 903B. The court reinstated the original charge.

On September 13, 2011, Duncan renewed his request to be transferred to juvenile court. Less than one month later, the State moved to amend the trial information to add forty additional counts of sexual abuse in the second degree. The amended trial information alleged Duncan committed one sex act per month between January 1, 2004, and May 18, 2007, when Duncan was age twelve through fifteen.[1] The alleged victim was four years younger than Duncan. The State alleged Duncan threatened to beat up the younger boy if he refused to perform oral sex on Duncan. The district court granted the motion to amend the trial information at a hearing on November 22, 2011.

The court held a hearing on February 20, 2012, to consider Duncan's renewed application to transfer jurisdiction to juvenile court. The defense presented the testimony of Dr. Craig Rypma, who offered his opinion that Duncan posed a low risk of reoffending. The State called juvenile court officer Daron Henson, who testified no-inpatient treatment programs would be available for Duncan in the juvenile court system.

Rather than making closing arguments, the parties filed written briefs for the district court. In his post-hearing argument, Duncan asserted both parties stipulated he could rescind his withdrawal of his original application for transfer to juvenile court and the district court accepted the stipulation. Duncan also argued counts one through nineteen of the amended trial information (spanning the time from January 1, 2004, (when Duncan was twelve years old) until August 1, 2005, (when

1. The State also filed a separate trial information, FECR002359, alleging Duncan committed one sex act during the calendar year 2005 with a female child who was four or five years old at the time.

Duncan turned fourteen)) must be transferred to juvenile court under Iowa Code section 232.45(6)(a).

On May 1, 2012, the district court denied Duncan's renewed application to transfer his case to juvenile court. The court determined once Duncan reached the age of eighteen, he was "not eligible for a reverse waiver to juvenile court." Duncan filed a motion to enlarge findings under Iowa Rule of Civil Procedure 1.904(2), asking the court to decide whether he could be tried as an adult for offenses he allegedly committed when he was under fourteen years of age. On June 18, 2012, the court denied the motion to reconsider, stating:

> The arguments therein were previously made by the defendant and rejected by the court. To grant Defendant's reverse waiver application upon any of the arguments raised by defendant would be to deny justice in this case. The court declines to do so.

Duncan filed a timely application for discretionary review with the Iowa Supreme Court. The Iowa Supreme Court granted the application on July 25, 2012. After the parties filed their briefs, the Supreme Court transferred the case to our court on July 2, 2013.

## II. Scope and Standards of Review.

■ We review issues of statutory interpretation for correction of legal error. *State v. Terry*, 569 N.W.2d 364, 366 (Iowa 1997). We review a court's decision whether to transfer a case to or from juvenile court for an abuse of discretion. *State v. Neitzel*, 801 N.W.2d 612, 618 (Iowa Ct.App.2011). If we were to reach Duncan's claims of ineffective assistance of counsel, review would be de novo. *State v. Brooks*, 760 N.W.2d 197, 204 (Iowa 2009).

## III. Analysis.

### A. Did The District Court Err In Determining Duncan Was Ineligible For Reverse Waiver Under Iowa Code Section 232.8(1)(c)?

■ Before reaching the merits of Duncan's argument, we address the State's assertion the defense did not preserve error on the arguments raised on appeal because Duncan raised them only in his original application for transfer to juvenile court, which he withdrew. The State contends Duncan did not incorporate the earlier application in his renewed application and did not receive a ruling from the district court.

We find Duncan preserved error. He requested and received a hearing on his renewed application for transfer to juvenile court. The parties stipulated Duncan could rescind his motion to withdraw the original application for transfer. The district court essentially treated the two motions as one request to be transferred to juvenile court. *See Cooksey v. Cargill Meat Solutions Corp.*, 831 N.W.2d 94, 97–98 (Iowa 2013) (discussing court's incorporation of issues raised in motion to dismiss). The court denied Duncan's request to be adjudicated in juvenile court, interpreting section 232.8(1)(c) as not allowing reverse waiver for a defendant in Duncan's position—older than sixteen and accused of committing forcible felonies. Duncan challenges that ruling on appeal.

■ At issue is the district court's interpretation of the juvenile transfer statutes. Initially, the district court cited Iowa Code section 702.5, which defines a child as "any person under the age of fourteen years"—unless another age is specified. The trouble with the juvenile court's citation is the juvenile code does specify another age; a child is defined as a person under eighteen years of age. Iowa Code § 232.2(5). In

chapter 232, the word juvenile is synonymous with child. Iowa Code § 232.2(29).

The district court then turned to section 232.8(1)(c), which "exempts certain classes of alleged juvenile offenders from the initial jurisdiction of the juvenile court." *See Terry*, 569 N.W.2d at 366. In the 1990s, the Iowa General Assembly, along with lawmakers from many other states, responded to juvenile crime rates by adopting the mandate that older juveniles charged with serious offenses would automatically start in adult criminal court. *See* Elizabeth Scott, *The Legal Construction of Adolescence*, 29 Hofstra L.Rev. 547, 585 (2000) (describing "mantra of punitive reformers" as "adult time for adult crime").

Iowa's provision reads, in pertinent part: Violations by a child, aged sixteen or older, ... which constitute a forcible felony are excluded from the jurisdiction of the juvenile court and shall be prosecuted as otherwise provided by law unless the district court transfers jurisdiction of the child to the juvenile court upon motion and for good cause pursuant to section 803.6.

I.C.A. § 232.8(1)(c).

The district court considered the wording of the provision to be "a clear reflection of the legislature's intent to waive juvenile court jurisdiction over those sixteen and older who are charged with forcible felonies." The court determined section 232.8(1)(c) addressed "the age of the defendant only at the time of the filing of the charge." The court reasoned the statute "makes no exception for those who are alleged to have committed forcible felonies prior to reaching the age of sixteen." Following that reasoning, the court concluded Duncan was "not eligible for a reverse waiver" after reaching age eighteen.

Duncan contests the district court's interpretation, asserting because he is alleged to have committed the sex offenses while he was under the age of sixteen, he is not excluded from the jurisdiction of the juvenile court, even if the offenses are forcible felonies and he is now older than sixteen. Duncan argues the district court's interpretation is inconsistent with *Stuart v. State ex rel. Jannings*, 253 N.W.2d 910, 913 (1977), where the Iowa Supreme Court decided the phrase "under 18 years of age" in a previous version of the juvenile code referred to "the age of the accused person at the time of the alleged offense."

■ We find Duncan's reading of the section 232.8(1)(c) more accurately reflects its plain language. "We do not search for meaning beyond the express terms of a statute when the statute is plain and its meaning is clear." *State v. Albrecht*, 657 N.W.2d 474, 479 (Iowa 2003).

Section 232.8(1)(a) sets out the ordinary jurisdiction of the juvenile court:

The juvenile court has exclusive original jurisdiction in proceedings concerning a child who is alleged to have committed a delinquent act unless otherwise provided by law, and has exclusive original jurisdiction in proceedings concerning an adult who is alleged to have committed a delinquent act prior to having become an adult, and who has been transferred to the jurisdiction of the juvenile court pursuant to an order under section 803.5.

Section 803.5(1) provides for the transfer of the jurisdiction of an adult who is alleged to have committed a criminal offense before reaching the age of eighteen, provided the juvenile court has not already waived its jurisdiction.

Sections 232.8(1)(b) and 232.8(1)(c) both address "violations by a child" which fall outside the "exclusive original jurisdiction" of the juvenile court. Subsection (1)(b) exempts relatively minor violations—involving traffic, tobacco, hunting, and cur-

fews—from the jurisdiction of the juvenile court, handling them instead as simple misdemeanors. Subsection (1)(c) excludes from juvenile court jurisdiction more serious violations "by a child, aged sixteen or older" unless the district court transfers jurisdiction back to juvenile court for good cause.

The district court misinterpreted the wording of section 232.8(1)(c). When read in context, the phrase "a child, aged sixteen or older" refers to the child's age at the time of the violation, not at the time of charging—otherwise the word "child" would have no meaning. *See* Iowa Code § 232.2(5) (defining child as a person under eighteen years of age); *see also Miller v. Westfield Ins. Co.*, 606 N.W.2d 301 (Iowa 2000) (presuming legislature included every part of statute for a purpose and intended each part be given effect). Duncan was older than sixteen when he was charged, but he was no longer a child. Section 232.8(1)(c) does not apply to his situation because he allegedly committed acts charged as forcible felonies when he was younger than sixteen.

Our conclusion finds support in supreme court cases interpreting section 232.8(1)(c). The *Terry* court summarized the purpose of that provision: "Having placed certain designated crimes committed by juveniles who have reached the age of sixteen within the criminal court jurisdiction, the legislature presumably thought the need for adult discipline and legal restraint was necessary in these cases." *Terry*, 569 N.W.2d at 367; *see also State v. Mann*, 602 N.W.2d 785, 793 (Iowa 1999) (finding it "reasonable for the legislature to consider that while some juveniles, because of their age, should have sufficient maturity to be held responsible for their acts, younger juveniles would ordinarily not have the same level of maturity and thus should not suffer the same consequences for their acts"). Because Duncan had not reached the age of sixteen when he allegedly committed the sexual assaults, he is not subject to the reverse waiver procedure under section 232.8(1)(c).

Duncan's case begins in criminal court by virtue of the fact he was an adult when the allegations arose. *See* Iowa Code §§ 232.8(1)(a), 803.5(1). He may be transferred to juvenile court for adjudication and disposition as a juvenile if—after a transfer hearing—the district court determines probable cause exists to believe Duncan committed an offense while still a juvenile and trying his case in criminal court would be inappropriate under the criteria set forth in sections 232.45(6)(c)[2] and (8)[3], "if the adult were still a child." *See* Iowa Code § 803.5(5).

---

2. This subsection provides the court may have jurisdiction if:

> The court determines that the state has established that there are not reasonable prospects for rehabilitating the child if the juvenile court retains jurisdiction over the child and the child is adjudicated to have committed the delinquent act, and that waiver of the court's jurisdiction over the child for the alleged commission of the public offense would be in the best interests of the child and the community.

3. This subsection states:

> In making the determination required by subsection 6, paragraph "c", the factors which the court shall consider include but are not limited to the following: a. The nature of the alleged delinquent act and the circumstances under which it was committed. b. The nature and extent of the child's prior contacts with juvenile authorities, including past efforts of such authorities to treat and rehabilitate the child and the response to such efforts. c. The programs, facilities and personnel available to the juvenile court for rehabilitation and treatment of the child, and the programs, facilities and personnel which would be available to the court that would have jurisdiction in the event the juvenile court

The State argues even assuming the district court erred in its interpretation of section 232.8(1)(c), "the result would not change" because the district court had discretion to deny Duncan's transfer request. Both the State and Duncan highlight the testimony from the transfer hearing to support their arguments on appeal. Duncan relies on Dr. Rypma's opinion he is a low risk to reoffend and a long prison sentence is not appropriate given emerging research on juvenile development. The State emphasizes the view of Juvenile Court Officer Henson that there exist no viable options for Duncan's rehabilitation in the juvenile system given his current age.[4]

While the parties did make a record concerning the appropriateness of a transfer to juvenile court, the district court did not exercise its discretion to determine how the evidence fit with the factors outlined in section 232.45.[5] We find it necessary to remand the question of transfer so the district court may consider those factors weighing for and against proceeding in juvenile court. *See State v. Rubino*, 602 N.W.2d 558, 562 (Iowa 1999). We do not suggest how the district court should rule after considering the evidence before it. We also do not foreclose the possibility the parties may ask the district court to reopen the record for the presentation of any additional evidence on the appropriateness of a transfer, given the passage of time since the February 2012 hearing.

**B. Did The District Court Err By Allowing Duncan To Face Adult Criminal Charges For Offenses He Allegedly Committed While He Was Under The Age Of Fourteen?**

In his second issue, Duncan contends the district court has no choice but to transfer nineteen of the forty-one counts in the trial information to the juvenile court because Duncan cannot be tried in adult court for offenses he allegedly committed while he was twelve and thirteen years old. His argument rests on Iowa Code section 232.45(6)(a), as well as common law and "recent research into the behavior and culpability of young offenders."

We again start with the State's error preservation claim. The State asserts Duncan did not receive a ruling from the district court on this issue and also contends Duncan has modified his argument since filing the application for discretionary review—shifting from a common law approach to a statutory challenge. Duncan points to his legal arguments offered before the district court's ruling denying transfer and revisited in his motion to enlarge findings. He argues in the alternative that any failure to preserve error may be attributed to ineffective assistance of trial counsel.[6]

waives its jurisdiction so that the child can be prosecuted as an adult.

**4.** We note Henson erroneously believed Duncan did not qualify for juvenile court services because he was "18 months past his 18th birthday." The juvenile code provides: "In the case of an adult within jurisdiction of the court under the provisions of 232.8, subsection (1), the dispositional order shall automatically terminate one year and six months after the last date upon which jurisdiction could attach." Iowa Code § 232.53(2).

**5.** In the order denying Duncan's rule 1.904(2) motion, the district court stated: "To grant Defendant's reverse waiver application upon any of the arguments raised by defendant would be to deny justice in this case." We find this sentence too cryptic to qualify as "written findings as to its reasons" as required by sections 232.45(10) and 803.5(5).

**6.** Because we find Duncan preserved error, we do not need to address his ineffective assistance argument.

We find Duncan preserved error by urging the district court to recognize the existence of "a legal presumption that persons between the ages of seven and fourteen are incapable of committing any crime." The district court found the arguments in Duncan's motion to enlarge had been previously made and rejected by the court. Duncan did not need to secure a more specific ruling. *See Lamasters v. State*, 821 N.W.2d 856, 865 (Iowa 2012) (rejecting error preservation claim where district court summarized applicant's arguments before denying application in its entirety). We also believe Duncan's application for discretionary review adequately raised a statutory argument by quoting the portion of *State v. Bruegger*, 773 N.W.2d 862, 885 (Iowa 2009), which discussed Iowa Code section 232.45(6)(a).

■ Turning to the merits of Duncan's argument, we begin with his reliance on that passage from *Bruegger*. In analyzing a question of cruel-and-unusual punishment, the majority of our supreme court offered the following dicta:

> We also note that the legislative policy regarding juvenile offenders is not entirely clear or consistent. In Iowa, a person who is under fourteen years of age cannot be tried as an adult in criminal court. Iowa Code § 232.45(6)(a). This limitation appears to be a recognition that persons under fourteen should not be criminally culpable for their acts.

*Bruegger*, 773 N.W.2d at 885.

Duncan also points to dicta from *Shearer v. Perry Community School Dist.*, 236 N.W.2d 688, 697 (Iowa 1975) *overruled by Miller v. Boone County Hosp.*, 394 N.W.2d 776 (Iowa 1986), where a dissenting Justice Reynoldson discussed the capacity of children in the context of tort law, noting: "The common law presumption that children under age 14 were incapable of committing any crime, *State v. Fowler*, 52

Iowa 103, 106, 2 N.W. 983, 986 (1879), has resolved into those protections codified in chapter 232, The Code."

After discussing *Fowler*, *Shearer*, and *Bruegger*, Duncan asserts "the Iowa Code appears to prohibit the criminal prosecution of a child under the age of 14 years" and cites section 232.45(6)(a).

That provision appears in a section of the juvenile code entitled "Waiver hearing and waiver of jurisdiction." Iowa Code § 232.45. The waiver section opens as follows:

> After the filing of a petition which alleges that a child has committed a delinquent act on the basis of an alleged commission of a public offense and before an adjudicatory hearing on the merits of the petition is held, the county attorney or the child may file a motion requesting the court to waive its jurisdiction over the child for the alleged commission of the public offense or for the purpose of prosecution of the child as an adult or a youthful offender.

*Id.* § 232.45(1).

Subsections (2) through (5) discuss the procedure for holding a waiver hearing. Subsection (6) states:

> At the conclusion of the waiver hearing the court may waive its jurisdiction over the child for the alleged commission of the public offense for the purpose of prosecution of the child as an adult if all of the following apply:
>
> a. The child is fourteen years of age or older.
>
> b. The court determines . . . that there is probable cause to believe the child has committed a delinquent act which would constitute the public offense.
>
> c. The court determines . . . there are not reasonable prospects for rehabil-

itating the child if the juvenile court retains jurisdiction. . . .

The State argues this statute requires only that the child be fourteen years of age or older at the time of the *waiver hearing*, and does not prohibit transfer to adult criminal court for acts allegedly committed before the child reached the age of fourteen.[7] Under this theory, a child who committed delinquent acts when he was twelve could not be transferred to adult court if the waiver hearing occurred when he was thirteen years, 364 days old, but could be transferred to adult court if the waiver hearing were held one day later. We are skeptical the legislature would hinge the waiver requirement on the vagaries of court scheduling.

■■ Faced with the parties' dueling interpretations of section 232.45(6)(a), we must determine if that provision is ambiguous. When the wording of a statute is ambiguous, we apply the rules of statutory construction. *In re G.J.A.*, 547 N.W.2d 3, 6 (Iowa 1996). An ambiguity exists "if reasonable minds may differ or be uncertain as to the meaning of the statute." *Id.* Ambiguities may arise in different ways, either from the specific language used in a statute or from the context of the provision when read with related statutes. *See State v. Iowa Dist. Ct.*, 828 N.W.2d 607, 612 (Iowa 2013). We conclude the meaning of section 232.45(6)(a) is ambiguous and requires court construction. *See id.*

■ In construing ambiguous statutes, we look to the object to be accomplished, the evils to be remedied, and the purpose for which the legislature enacted the statute. *G.J.A.*, 547 N.W.2d at 6. Chapter 232 opens with its own rule of construction, announcing the juvenile justice chapter "shall be liberally construed" to best serve the welfare of the children under its jurisdiction, as well as the good of the public. Iowa Code § 232.1.

We also take into account legislative history. *See* Iowa Code § 4.6(3); *Iowa Dental Ass'n v. Iowa Ins. Div.*, 831 N.W.2d 138, 146 (Iowa 2013). Before Iowa adopted its juvenile code, courts and prosecutors followed a common law tradition of presuming persons between the ages of seven and fourteen years[8] were incapable of committing any crime. *Fowler*, 2 N.W. at 986; *see also State v. Null*, 836 N.W.2d 41, 53 (Iowa 2013) (listing examples of areas of law which reflect differences between youth and adults including buying

---

**7.** The State claims its interpretation is bolstered by the youthful offender provision at section 232.45(7). At the time of the transfer hearing, subsection (7)(a) stated:

> At the conclusion of the waiver hearing and after considering the best interests of the child and the best interests of the community the court may, in order that the child may be prosecuted as a youthful offender, waive its jurisdiction over the child if all of the following apply: (1) the child is fifteen years of age or younger.

Iowa Code section 223.45(7) (2011). In 2013, the legislature amended the first criteria to say "(1) The child is twelve through fifteen years of age or the child is ten or eleven years of age and has been charged with a public offense that would be classified as a class 'A' felony if committed by an adult." Iowa Code section 223.45(7) (2013). We do not find that the ages specified in the youthful offender statute support the State's position.

**8.** Fourteen years marks a coming-of-age milestone in many legislative pronouncements. *See, e.g.,* Iowa Code § 92.3 (limiting employment of persons under fourteen); § 142C.3(1)(a)(3) (decision about organ donation); § 232.22(3)(c)(1)(a) (detention placement in adult facility); § 321.177 (driving instruction permits); § 600.7(1)(d) (consent to adoption); § 692A.103 (registration as sex offender required if fourteen years of age or older at the time offense was committed); § 702.5 (defining child for purposes of criminal law as person under the age of fourteen years) §§ 709.1(3), 709.4(1)(b)(3) (age of consent for sex acts).

alcohol, buying cigarettes, forming contracts, consent to health decisions, voting, marriage, jury duty, and driving privileges).

Iowa first adopted a juvenile court system in 1904. *See* 30 G.A. ch. 11; *State v. Halverson,* 192 N.W.2d 765, 766 (Iowa 1971). Iowa's juvenile code underwent a complete revision in 1965, and more minor revisions in 1967. *See Halverson,* 192 N.W.2d at 766–67. The 1967 amendments were discussed in *Halverson:*

> Another section, evidently enacted specifically to comply with [*Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966)[9]], dealt with transfer of children by the juvenile court to criminal court. That section provided (and still provides in [section] 232.72, Code, 1971):

> > When a petition alleging delinquency is based on *an alleged act committed after the minor's fourteenth (14th) birthday,* and the court, after a hearing, deems it contrary to the best interest of the minor or the public to retain jurisdiction, the court may enter an order making such findings and referring the alleged violation to the appropriate prosecuting authority for proper action under the criminal law.

*Id.* at 767 (Emphasis added). This iteration of the statute makes clear the legislature was concerned about the child's age at the time of alleged commission of the act, not at the time of the waiver decision.

▇ The legislature reorganized the juvenile code again in 1978. 1978 Iowa Acts ch. 1088; *see Iowa Dist. Ct.,* 828 N.W.2d at 622. Section 232.45(6)(a) was part of a new section addressing waiver from juvenile court for adult criminal pro-

ceedings. 1978 Iowa Acts ch. 1088, sec. 25(6). Although the new section explaining the waiver process is entirely reworded starting in the 1979 code, we do not find any indication in the revised formulation that the legislature suddenly intended the age-fourteen-or-older requirement refer to the child's age at the time of the waiver hearing rather than when the alleged act was committed. "Mere differences in words between old and new versions of the statute do not create an inference of intent to change the rule." *See Beier Glass Co. v. Brundige,* 329 N.W.2d 280, 285 (Iowa 1983) (presuming the legislature knew the existing state of the law, including judicial decisions, and intended to use those meanings absent a contrary indication in the context).

Consistent with our reading of section 232.8(1)(c) in the first issue, we believe the phrase "fourteen years of age or older" in section 232.45(6)(a) refers to the child's age at the time of the commission of the offense and not the time of the hearing. *See generally Stuart,* 253 N.W.2d at 914–15 (interpreting prior version of chapter 232 and holding person's age at time of an alleged act is decisive, not his age when correlative proceedings are commenced).

But our adoption of Duncan's construction of section 232.45(6)(a) does not end the analysis: Because Duncan is no longer a child, he is not subject to a waiver proceeding under section 232.45(6). Accordingly, the State commenced its prosecution of Duncan in criminal court. Because Duncan is an adult who is alleged to have committed a criminal offense before having reached the age of eighteen, he sought transfer of jurisdiction to juvenile court

---

**9.** *Kent* involved an ex parte order by a juvenile court authorizing criminal charges to the filed against a child. The United States Supreme Court emphasized the critical nature of transfer proceedings and held, among other things, that a hearing on the question of transfer is essential. 383 U.S. at 560, 86 S.Ct. 1045.

under section 803.5(1). Under section 803.5(5), the district court may waive Duncan to juvenile court, if the court determines "there is probable cause to believe [he] committed an offense while still a juvenile" and "waiver to the criminal court would be inappropriate" under the criteria set forth in section 232.45(6)(c) and 232.45(8), "if [Duncan] were still a child." Thus, the reverse waiver provision of section 803.5(5)—like the traditional waiver provision of section 232.45(6)—contains a probable-cause requirement, as well as prospects-for-rehabilitation and best-interests requirements. But section 803.5(5) doesn't cross reference section 232.45(6)(a)—which requires a child be fourteen years of age or older for purposes of waiver.

In the State's view, no mention of the fourteen-year-old cutoff means the legislature did not intend to place *any* lower limit on the age of children alleged to have committed an offense who could then be prosecuted in criminal court once they reach adulthood. For instance, conceivably a ten-year-old child who commits a sex act with another ten-year-old child [10] could be charged with sexual abuse as an adult, ten or more years later,[11] and have that delinquent act tried as a criminal offense in adult court.

We decline to give section 803.5(5) that construction. *See State v. McGuire*, 200 N.W.2d 832, 833 (Iowa 1972) (avoiding statutory construction that leads to absurd results). It is likely the legislature did not expressly cross reference section 232.45(6)(a) when drafting section 803.5(5)

because it presupposed the floor for criminal culpability was set at age fourteen. The waiver provisions in chapter 232 and chapter 803 must be read *in pari materia* to produce a coherent whole. *Cf. State v. Nail*, 743 N.W.2d 535, 541 (Iowa 2007) (interpreting a civil penalty statute). Under section 803.5(5), the district court *may* transfer an adult back to juvenile court if the criteria set forth in section 232.45 signals the inappropriateness of trying the offenses in criminal court. But no such discretion exists for offenses committed when the adult was younger than fourteen. *See* Iowa Code § 232.45(6)(a). Those offenses cannot be tried in criminal court, no matter the current age of the alleged offender.

To recap, we find the May 1, 2012 ruling misinterprets the juvenile code provisions governing transfer of jurisdiction. We remand this case with two directions for the district court. First, because we hold Duncan cannot be tried in criminal court for offenses allegedly committed when he was younger than fourteen, we direct the court to transfer counts one through nineteen of the trial information to the juvenile court for adjudication. Second, because we conclude Duncan is eligible for waiver to the juvenile court on counts twenty through forty-one of the trial information, we direct the court to exercise its discretion under section 803.5(5) to transfer jurisdiction of those counts if "the court determines that there is probable cause to believe that [Duncan] committed an offense while still a juvenile, and waiver to

10.  One definition of sexual abuse under our criminal code is a sex act performed with a child. Iowa Code § 709.1(3). The criminal code defines a child as a person under the age of fourteen. *Id.* § 702.5.

11.  The limitation on bringing sexual abuse charges at Iowa Code section 802.2(1) allows

the State to file an indictment or information for sexual abuse committed on or with a person who is under the age of eighteen years within ten years after the person upon whom the offense is committed attains eighteen years of age—or in our scenario above, as long as eighteen years after the commission of the sex act.

the criminal court would be inappropriate under the criteria set forth in section 232.45(6), paragraph 'c', and section 232.45, subsection 8, if [Duncan] were still a child." We leave open the possibility one or both parties may ask the district court to reopen the hearing record for the presentation of additional evidence. We do not retain jurisdiction.

**REVERSED AND REMANDED WITH DIRECTIONS.**