# IN THE COURT OF APPEALS OF IOWA

No. 19-0658
Filed February 5, 2020

**IN THE INTEREST OF D.C.,**
**Minor Child,**

**D.C., Minor Child,**
　　Appellant.

_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

D.C. appeals a juvenile court dispositional order placing him at the state training school. **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

In May 2018, the district court ordered D.C. into the legal custody of Juvenile Court Services (JCS) for placement in a "residential treatment foster care." D.C. had multiple delinquency adjudications dating between April 2017 and May 2018 and two additional pending cases. JCS placed the child at Four Oaks. In December, D.C. was removed from the program due to aggressive and assaultive behaviors and an additional delinquent act. D.C.'s juvenile court officer requested the court order a modification of the placement order.

In its March 5, 2019 modification order, the court noted D.C.'s delinquent acts only occurred in the presence of his family members. The child displayed aggressive behavior and problems at school with little sense of accountability but "never commits the[ ] crimes by himself." However, the child failed to internalize the services provided or change the problem behaviors. The court found "the child needs more structure, more supervision, more accountability, and more skill development in order to be successful." The court modified the child's disposition for placement in the state training school.

D.C. challenges the placement, claiming not all the requirements to place a child in the state training school have been met. *See* Iowa Code § 232.52(2)(e) (2018).

"We review delinquency proceedings de novo." *In re A.K.*, 825 N.W.2d 46, 49 (Iowa 2013). "When the issue on appeal relates to statutory discretion exercised by the juvenile court, however, we review the evidence de novo to determine whether the discretion was abused. Additionally, when the issue

requires the interpretation of a statute, the standard of review is for correction of legal errors." *In re A.J.M.*, 847 N.W.2d 601, 604 (Iowa 2014) (citation omitted).

The Iowa Code sets forth the conditions under which the court may place a child in the state training school. Iowa Code § 232.52(2)(e). The relevant conditions in this case are:

> (1) The child is at least fifteen years of age and the court finds the placement to be in the best interests of the child or necessary to the protection of the public[;]
> . . . .
> (3) The child has previously been found to have committed a delinquent act[; and]
> (4) The child has previously been placed in a treatment facility outside the child's home or in a supervised community treatment program established pursuant to section 232.191, subsection 4, as a result of a prior delinquency adjudication.

*Id.* § 232.52(2)(e)(1), (3)–(4) (requiring existence of three of four conditions).

D.C. does not contest the first and third conditions were met. Rather, D.C. contends the district court failed to make factual findings that Four Oaks qualifies as a program established pursuant to section 232.191(4) and, consequently, the fourth condition of section 232.52(2)(e) is not established.

Section 232.191(4) instructs the department of human services to "[d]evelop or expand supervised community treatment for adjudicated delinquent youth who experience significant problems and who constitute a moderate community risk." We read section 232.52(2)(e)(4) to require placement in *either* a treatment facility outside the home, *or* a supervised community treatment program established under section 232.191(4). *See In re J.N.*, 619 N.W.2d 403, 404, 406 (Iowa 2000) (accepting the child's placement in a youth shelter and a residential treatment program as qualifying as out-of-home treatment facilities for purposes of

section 232.52(2)(e)(4)). The language—"program established under section 232.191(4)"—qualifies only "a supervised community treatment program" and not the alternative preceding the "or." We do not read the statute to require a "treatment facility outside the child's home" must have been established pursuant to section 232.191(4).

JCS previously placed D.C. at Four Oaks to comply with the court-ordered placement in a residential treatment foster care facility—a placement this court upheld. *See In re D.C.*, No. 18-0976, 2019 WL 1752702, at *3 (Iowa Ct. App. Apr. 17, 2019) ("[W]e conclude the juvenile court did not abuse its discretion in requiring D.C. to remain in the custody of JCS and ordering his placement in a residential treatment foster care."). D.C. makes no argument Four Oaks does not qualify as a "treatment facility outside the home" for purposes of section 232.52(e)(4). Because Four Oaks qualifies as a prior placement at a "treatment facility outside the child's home," D.C. meets the criteria for placement at the state training school. We affirm the juvenile court.

**AFFIRMED.**